## William C. Stewart et al., Plffs. in Err., v. Charles S. Wolfe et al.

A replevin bond given by the plaintiff in a replevin suit is a substitute for the property delivered to him upon it, and a purchaser from him acquires a good title to the property replevied.

(Argued November 11, 1886. Decided November 15, 1886.)

October Term, 1886, No. 226, W. D., before Gordon, Paxson, Trunkey, Sterrett, Green, and Clark, JJ. Error to the Common Pleas No. 1 of Allegheny County to review a judgment on a verdict directed for defendants in an action of trover. Affirmed.

This action was brought by William C. Stewart and Charles E. Stewart against Charles S. Wolfe, William Wolfe, and William Patton, to recover the value of a certain stock of goods alleged to belong to plaintiffs.

On and prior to January 13, 1883, plaintiffs were carrying on a business of retail and wholesale brush manufactures in Pittsburgh, and were in possession of a certain stock of brushes, bristles, and other goods used in such business. On that day these goods were replevied by William N. Riddle, to whom, upon filing a bond of $100,000 with two sureties, the sheriff delivered possession in default of the Stewarts giving a claim property bond.

In April, 1885, a verdict was taken for defendants in the replevin suit on default of plaintiffs; and defendants' damages for unjust detention, etc., were assessed at $5,000. During the pendency of the replevin suit Riddle sold and delivered possession of the business, goods, etc., to the defendants, agreeing to insure them against failure of title.

Subsequent to the sale to Wolfe, Riddle and his two sureties on the replevin bond became insolvent. Plaintiffs brought this action of trover against the defendants, claiming that Riddle

had no title to the property, and that he acquired none by the mere giving of the replevin bond, and could not give a title to the defendants.

At the trial in the court below before STOWE, J., the plaintiffs offered in evidence the record in the replevin suit. This was objected to as incompetent and irrelevant, the parties defendant not being parties to the record offered, nor is there any offer to show any privity between the parties defendant and anybody connected with the parties to the record.

Objection sustained and bill sealed. First assignment of error.

Counsel renewed the above offer and proposed to follow it with testimony that, pending the litigation in that case, the defendants in this case bought the stock of goods described particularly in the *narr.* offered, with notice of the litigation, and that these are the same goods.

Objected to as incompetent and irrelevant, because, upon the record offered, it appears that the goods were delivered to the defendants in this suit after bond filed, approved, and accepted by the sheriff, and because as matter of law it is not competent for the plaintiffs in this action to follow these goods beyond the custody of Riddle.

Objection sustained and bill sealed. Second assignment of error.

Counsel renewed the foregoing offers, to be followed with proof that Riddle and the bondsmen are insolvent and that Riddle gave to these parties defendant indemnity against the title of the plaintiffs in this present suit.

Objected to as incompetent and irrelevant.

*Ans.* "Being of opinion that the replevin bond given by Riddle was a substitute for the property delivered to him upon it, we think that the purchasers from him have acquired a good title to all the property sued for in this action, and therefore the objection is sustained and the bill of exceptions sealed for plaintiffs." Third assignment of error.

The court instructed the jury peremptorily to find for the defendants. Fourth assignment of error.

*Jacob F. Slagle, C. C. Dickey,* and *West McMurray,* for plaintiffs in error.—When the action of replevin is founded upon the right of property, and the goods have been delivered on

the replevin to the plaintiff, and there is a verdict for defendant, he shall have judgment *pro retorno habendo;* and so of the judgment on all pleas that disaffirm property in the plaintiff.   Morris, Replevin, 217; Broom v. Fox, 2 Yeates, 530; Easton v. Worthington, 5 Serg. & R. 132; Moore v. Shenk, 3 Pa. St. 13; 21 Ind. 128; 2 T. & H. § 1765.

Our short judgment in replevin, when in favor of the defendant, is a judgment for the return of the goods replevied; and it would be so in terms were it written out in full.   In a suit on a replevin bond it may be declared upon as if it were so written, for such is the legal effect of it.   Heffner v. Reed, 3 Grant Cas. 245.

Had the judgment been recovered against plaintiffs it would have been established that the ownership was not in them, and defendants would have had judgment *pro retorno habendo.* Huston v. Wilson, 3 Watts, 287.

It is true   .   .   .   that if a defendant retain the property and give a property bond, he becomes the owner as against the plaintiff, whatever his title may have been before; but his case is unlike that of a plaintiff to whom the property has been replevied.   .   .   .   A verdict against a defendant retaining the goods is for their value and there is no judgment against him *pro retorno habendo.*   .   .   .   A verdict against the plaintiff to whom the goods have been delivered cannot be for their value, .   .   .   and defendant is entitled to his writ of *retorno habendo.*   Lovett v. Burkhardt, 44 Pa. 174.

Title is something acquired by judgment, but it is certainly a mistake to suppose that it is either acquired or evidenced by mere delivery under a writ of replevin.   Ibid.

The effect of the replevin is simply to give the party the possession of the property pending the suit; the title is not changed. A sale made by the party so in possession, who afterwards turns out to have no title, cannot convey the title to the purchaser against the real owner.   Wells, Replevin, § 476; Lockwood v. Perry, 9 Met. 440; White v. Dolliver, 113 Mass. 402, 18 Am. Rep. 502; Hunt v. Robinson, 11 Cal. 262; Bruner v. Dyball, 42 Ill. 37; Acker v. White, 25 Wend. 614; Lovett v. Burkhardt, 44 Pa. 174; Burkle v. Luce, 1 N. Y. 170; Bain v. Lyle, 68 Pa. 60.

Riddle, having no title, could therefore pass none.   "Title of

the true owner of personal property cannot be lost without his own free act and consent." 2 Kent, Com. p. 325.

. Possession so as to protect a person acquiring property in the usual course of trade is limited to cash, bank bills, and checks payable to bearer. Saltus v. Everett, 20 Wend. 267, 32 Am. Dec. 541.

But this proposition, assumed in the cases cited, especially Lockwood v. Perry, 9 Met. 440, is elementary and really requires no citation of authority.

The record of the action of replevin between Riddle and the Stewarts, wherein the title of these goods was in controversy, was admissible in evidence in this case for the following reasons, to wit: 1, defendants are purchasers, *lis pendens;* 2, they bought with actual notice of the pendency of that suit; and as a corrollary they are, therefore, privies, and concluded by the judgment therein. Doveys's Appeal, 10 W. N. C. 391; Murray v. Lylburn, 2 Johns. Ch. 444; Diamond v. Lawrence County, 37 Pa. 356, 78 Am. Dec. 429; McCauley v. Rogers, 10 Ill. App. 562; Bellamy v. Sabine, 1 DeG. & J. 584; Murray v. Ballou, 1 Johns. Ch. 566; Watson v. Wilson, 2 Dana, 406, 26 Am. Dec. 459; Kieffer v. Ehler, 18 Pa. 388; Stone v. Elliott, 11 Ohio St. 254; Leitch v. Wells, 48 N. Y. 585; Bain v. Lyle, 68 Pa. 61; Lockwood v. Perry, 9 Met. 445; Burkle v. Luce, 1 N. Y. 170.

. *John Dalzell, M. H. Houseman,* and *Geo. P. Hamilton, Jr.,* for defendants in error.—It has been the settled law of Pennsylvania from the earliest reports to the present day, that a plaintiff in replevin, who has given bond and has possession, can sell or dispose of the goods pending the replevin and pass a title to the purchaser, being answerable therefor on his bond. Woglam v. Cowperthwaite, 2 Dall. 68, 1 L. ed. 292, and Frey v. Leeper, 2 Dall. 131, 1 L. ed. 319; Shell v. Hummell, 1 Pearson (Pa.) 19; Gray v. Wilson, 4 Watts, 39, 42; Bain v. Lyle, 68 Pa. 64; Morris, Replevin, 248.

In Bain v. Lyle, Justice SHARSWOOD, speaking of the difference between a replevin bond, claim property bond, and an interpleader bond, says:

"The bond in this case [*i. e.,* an interpleader bond] is entirely different from either a replevin or property bond. A replevin bond is conditioned to make a return of the goods if a return shall be awarded. If the sheriff does not find the goods upon

the writ *de retorno habendo* in the possession of the plaintiff he returns eloigned; and thereupon anciently a *capias in withernam* issued to seize other goods of the plaintiff.    There was no power in the sheriff to follow the identical goods into the possession of any person to whom the plaintiff had sold them.    Morris, Replevin (230) 248.    The remedy of defendant is then upon replevin bond or against the sheriff for taking insufficient pledges."

The writ *de retorno habendo* is still in farce in Pennsylvania. It was issued in Balsley v. Hoffman, 13 Pa. 607.    Morris, Replevin, note, p. 248, 3d ed.

The rights and privileges of a defendant in replevin have grown out of cases arising from a distress for rent, and the law applicable to those cases has been applied to the action generally, *viz.:* where a defendant gives a claim property bond it puts an end to plaintiff's title, which is then turned into a chose in action to be compensated in damages.    Fisher v. Whoollery, 25 Pa. 198.

In Taylor v. The Royal Saxon, 1 Wall. Jr. 326–329, Fed. Cas. No. 13,803, Justice GRIER treats thoroughly of the action of replevin in Pennsylvania, its origin, the respective rights and remedies of plaintiff and defendant, the bonds and their effect.

Where property is of such a nature that it is likely to perish or seriously depreciate in value within the time which will probably be required for proper litigation, the plaintiff will be justified in selling, consuming, or disposing of it.    Wells, Replevin, 480.

The soundness of this doctrine appears from the following considerations:

The judgment for plaintiff in replevin, where the goods have been delivered to him, is in his favor and with damages for the detention.    He cannot have damages for the depreciation in value.    Why?    Because he may sell them immediately in such manner as will ascertain their value, for which alone he is answerable on his bond.    Gordon v. Jenney, 16 Mass. 465; Morris, Replevin, 213, 248.

Where defendant gives a claim property bond it puts an end to plaintiff's title, which is then turned into a chose in action to be compensated in damages.    Fisher v. Whoollery, 25 Pa. 198.

Where a railroad company cannot agree with a landowner, and a bond has been given for the damages, the title of the land-

owner is-devested and he must look to the bond.   Fries v. Southern Pennsylvania R. & Min. Co. 85 Pa. 73.

It is no hardship on the defendant, because he has the first right to give a claim property bond and thereby devest the title of plaintiff.   The sheriff must allow him a reasonable time in which to secure it.   Pearce v. Humphreys, 14 Serg. & R. 25.

The defendant has a right to object to the sufficiency of the bond or require additional security.   Rowand v. Fox, 7 W. N. C. 438.

Replevin lies where a party has either an absolute or qualified property, provided he has the right of possession.   Harlan v. Harlan, 15 Pa. 507, 53 Am. Dec. 612.

The right of possession is the *sine qua non*.   It is said the plea was property.   But that plea simply puts on plaintiff the burden of proving an absolute or qualified property, and the right of exclusive possession.   Mathias v. Sellers, 86 Pa. 486, 27 Am. Rep. 723; Reinheimer v. Hemingway, 35 Pa. 432.

Per Curiam:

The law of this case was well stated by the court below when it said that the replevin bond given by Riddle was a substitute for the property delivered to him upon it, and that the purchaser from him acquired a good title to the property sued for in this action.

The judgment is affirmed.