A. E. KATZ v. CHARLES HLAVAC and Another.[1]

December 12, 1902.

Nos. 13,201—(167).

**Claim and Delivery.**

In an action in claim and delivery the defendant rebonded the property involved therein, and retained the possession thereof during the pendency of the action. He was successful at the trial, and obtained a judgment dismissing the action, with costs; the result of which was to confirm in him the title and right to the possession of the property. He subsequently brought this action against the plaintiff in that action, and the sureties on his bond, to recover the depreciation in the value of the property subsequent to the date he rebonded and obtained a redelivery of the same. It is *held*:

**Custody of Property in Dispute.**

1. That the property involved in claim and delivery actions is not in the custody of the law during the pendency of the action, except while

1 Reported in 92 N. W. 506.

in the hands of the officer, but it ceases to be so upon being delivered by him, as required by statute, to the party entitled thereto.

## Bond a Substitute for Property.

2. The plaintiff's bond in such cases, or the defendant's redelivery bond, as the case may be, being conditioned for the return of the property and for the payment of such sum as may for any cause be recovered by the successful party, is a substitute for and takes the place of the property. The party acquiring the possession, upon giving the proper bond, may treat the property as his own, and sell and dispose of it as though no action had ever been brought against him.

## Depreciation in Value.

3. The plaintiff in this action, defendant in the claim and delivery action referred to, having obtained a redelivery of the property to him, is not entitled to recover on plaintiff's bond therein for the depreciation in the value of the property subsequent to the time it was redelivered to him.

Action in the district court for Ramsey county to recover $3,705 upon a bond in claim and delivery proceedings. The case was tried before Brill, J., and a jury, which rendered a verdict in favor of plaintiff for $1,068.59. From an order granting a motion for a new trial, plaintiff appealed. Affirmed.

*Humphrey Barton* and *John E. Samuelson*, for appellant.

*Munn & Thygeson*, for respondents.

BROWN, J.

Action to recover upon a bond in claim and delivery proceedings, in which plaintiff had a verdict in the court below, and appealed from an order granting a new trial.

The facts are as follows: Defendant Hlavac brought an action in claim and delivery against plaintiff, Katz, to recover a stock of boots and shoes which he claimed to own, in which action he executed and delivered the usual bond, conditioned to prosecute the action with effect and return the property to defendants therein if a return was adjudged by the court, and pay to them such sum as for any cause might be recovered against plaintiff in the action. The property was taken by the sheriff, but subsequently, and within the proper time, plaintiff, defendant therein, rebonded the same, and thereafter continued in the possession of

the whole of it precisely as though no action had ever been brought against him.. The court charged the jury at the trial below that plaintiff was entitled to recover upon the bond any depreciation in the value of the property from the time it was rebonded until the final determination of the action. Whether this instruction was in accordance with the law, presents the only question for our consideration.

In actions in claim and delivery under our statute, where the prevailing party is not in possession of the property at the time of the trial, the judgment must be in the alternative, i. e., for the return of the property, or its value in case return cannot be made. G. S. 1894, § 5420; Kates v. Thomas, 14 Minn. 343 (460); Berthold v. Fox, 21 Minn. 51; Sherman v. Clark, 24 Minn. 37. The bond given in such action, though not expressly required by statute to be conditioned for the return of the property, or "the payment of the value thereof in case return cannot be made," is to be construed in reference to the statute, and the obligations thereon are coextensive with the statutory requirements in such cases. New England F. & C. Co. v. Bryant, 64 Minn. 256, 66 N. W. 974. But. the plaintiff's bond and the defendant's redelivery bond are required to be conditioned for a return of the property "and the payment to him of such sum as for any cause may be recovered," etc., and the condition necessarily covers the value of the property in case it is not returned. If a defendant recovers judgment in such an action for a return of the property or its value, and return is not made, plaintiff and the sureties on his bond are liable for the value of the property as fixed and determined by the judgment.

The property is not, under our practice, whatever may be the rule in other states, in the custody of the law after the period fixed by the statute within which defendant may obtain its return to him by giving the necessary bond. No doubt, during the time it is in the hands of the officer, by virtue of the claim and delivery proceedings, it is in custodia legis, but not so after it has been delivered over by such officer either to the plaintiff or to the defendant, as the case may require. The bond by virtue of which the party obtains the possession, or retains it, as the case may be, is

a substitute for the property, and the remedy of the successful party is exclusively an action thereon. Such is the rule in all the states where the practice is like our own, where the bond is conditioned for the return of the property or the payment of its value. The bond takes the place of the property, and is a substitute therefor. Stewart v. Wolf (Pa.) 7 Atl. 165; Rockey v. Burkhalter, 68 Pa. St. 221; Jennings v. Johnson, 17 Ohio, 154; Kennedy v. Brown, 21 Kan. 174; Fisher v. Whoollery, 25 Pa. St. 197; Shinn, Repl. 380. If the property is not returned to him, pursuant to the judgment, he may maintain an action to recover its value upon the bond, and this is his exclusive remedy. Any other view would result in tying up property involved in such actions, and render the bond of little or no value.

To hold that the property is in the custody of the law, so that the party having the possession thereof is not entitled to sell or dispose of it as his own, might result in the detriment and injury of both parties, and, in the case of property like that involved in this particular action, turn the privilege or benefit intended by the statute into a damage and detriment. The property involved in this case was a stock of boots, shoes, rubbers, etc., and if defendant in that action, after giving his redelivery bond, was not in position to treat the property as his own, and sell and dispose of it, he was bound to hold it, to permit it to depreciate in value, and at the close of the trial, if defeated in the action, pay to his opponent the damages resulting from such depreciation. The statute never intended so absurd a consequence.

The damages recoverable in actions of this kind are those that the successful party has suffered by reason of the wrongful detention of the property from him. If he have the possession and the right to control the property as his own, precisely as though no action had ever been brought against him, it is not very clear upon what he can predicate a claim for depreciation in its value against his opponent in the action, who is in no way responsible for, being in no position and having no right to take any action in reference to the care of, the property, or to preserve it from damage and injury. From this it necessarily follows that, after a

redelivery of the property involved in claim and delivery proceedings to the defendant, he is not entitled, on being successful in the action, to recover on plaintiff's bond any damage to or depreciation in the value of the property subsequent to that time. The learned trial court was therefore right in setting aside the verdict and granting a new trial.

The order appealed from is affirmed.