## J. J. O'BRIEN v. CURRY & WHYTE.[1]

July 22, 1910.

Nos. 16,676—(203).

**Replevin — purchase from rebonding defendant.**

The rebonding of the property, in replevin actions, does not vest absolute title in the defendant, but he holds it subject to the final determination of the action, and a purchaser of the property from such rebonding defendant acquires no better title than the defendant had. Katz v. Hlavac, 88 Minn. 56, distinguished.

Action in the district court for St. Louis county to recover $868.86, the purchase price of certain posts cut by plaintiff and sold by him to defendant under written contract of sale. The facts alleged in the answer and reply are stated in the opinion. The case was tried before Dibell, J., and a jury which returned a verdict in favor of plaintiff for $863.30. From an order denying defendant's alternative motion for judgment notwithstanding the verdict or for a new trial, it appealed. Reversed and new trial granted.

*Baldwin, Baldwin & Dancer,* for appellant.

*McMahon & Rock,* for respondent.

[1]Reported in 127 N. W. 411.

LEWIS, J.

This action was brought to recover the purchase price of certain cedar posts, alleged to have been sold to appellant according to the terms of a written contract, executed May 19, 1909. The answer admitted the execution of the contract and delivery of the posts, but justified refusal of payment upon the ground that the posts were cut from land which belonged to another party; that respondent was a trespasser in cutting and removing the same, and had not title thereto; that respondent knew he was a trespasser, and that an action in replevin had been commenced against him by the true owner; that he had represented to appellant that he had settled the replevin action and had a clear title to the timber, which representations constituted the inducement for appellant to enter into the contract; that after the timber had been delivered to appellant, and after it had loaded and shipped the same to various points, the owner, one Lord, demanded payment therefor, and threatened to bring suit in case it was not made, and thereupon appellant paid him for the timber according to the contract price. Respondent replied by alleging that he had in good faith purchased the timber from a third party, who claimed to be the owner thereof, and that the cutting, removing, shipping, and preparation of the posts for market was done with the knowledge and consent of those who subsequently claimed to be the owners. The reply also states that the stumpage was worth not to exceed $200, and that the person with whom appellant made settlement did not become the owner of the land until after the timber was removed.

At the trial the following facts were conclusively established: In October, 1908, the land from which the timber was taken belonged to one Warner, who during that month gave an option to Mr. Lord for the purchase of the land. On February 15, 1909, Lord exercised his option and received a deed of the land from Warner. On February 16, 1909, Lord entered into a contract for the sale of the land to Stewart. At this time both Lord and Stewart knew that O'Brien was cutting and removing the timber from the premises. On March 5, 1909, Lord obtained an assignment from Warner of all claims arising out of respondent's trespass in cutting and removing the timber. On April 24, 1909, after all the posts had been delivered at

the railway siding, Lord commenced an action in replevin against respondent for possession of the posts. The sheriff took possession thereof, and respondent immediately executed and filed a redelivery bond, and the posts were redelivered to him. Issue was joined in the replevin action, and it stood for trial at the June, 1909, term of court. Appellant shipped the posts from the siding at some time between May 19 and the first of June. On June 1 appellant paid Lord about $850 for the posts, and on June 2 Lord dismissed the replevin suit, or made an attempt to do so.

At the trial, when respondent's case was closed, the court, on authority of Katz v. Hlavac, 88 Minn. 56, 92 N. W. 506, instructed the jury to return a verdict for respondent for the full amount claimed to be due under the contract, upon the ground that title to the timber became vested in him at the time of the execution and filing of the replevin bond. The validity of that order is the question now before this court.

The learned trial court misapprehended the decision cited. In that case Hlavac had brought an action in replevin against Katz to recover possession of a stock of boots and shoes. The usual bond was executed by Hlavac, and the sheriff took possession of the property; but Katz rebonded and retained possession of the goods, and then brought suit against Hlavac and his sureties to recover damages caused by the depreciation in the value of the property from the time it had been rebonded until final determination of the action. It was held that he could not recover, and the gist of the case is correctly stated in the closing part of the opinion, as follows: "Damages recoverable in actions of this kind are those that the successful party has suffered by reason of the wrongful detention of the property from him. If he have the possession and the right to control the property as his own, precisely as though no action had ever been brought against him, it is not very clear upon what he can predicate a claim for depreciation in its value against his opponent in the action, who is in no way responsible for, being in no position and having no right to take any action in reference to the care of the property, or to preserve it from damage and injury. From this it necessarily follows that, after a redelivery of the property involved in claim and

delivery proceedings to the defendant, he is not entitled, on being successful in the action, to recover on plaintiff's bond any damage to or depreciation in the value of the property subsequent to that time."

From an examination of that case, it is apparent that the question of title was not involved. True, there are some unguarded statements in the syllabus, and in the body of the opinion, which, upon a cursory examination, without reference to the real issue before the court, might convey the impression that the mere act of rebonding the property by the defendant in a replevin action had the effect of vesting absolute title in the defendant. The general statement in the syllabus and opinion, that the bond is a substitute for the property, and that the party rebonding may treat the property as his own, and sell and dispose of it, must be understood to have reference to a cause of action which the defendant so rebonding might have against the plaintiff for damages to the property while in his possession. While not so expressly stated, it is necessarily implied that whatever authority the rebonding defendant had to sell was subject to the final determination of the action. Replevin, under our statute, is an action for the wrongful detention of possession, and the primary object is to recover the thing, and not its value. The redelivery bond is a substitute for the property only in those cases where a delivery of the property cannot be had on final judgment. It then stands in place of the property, and as security for the payment of the value thereof to plaintiff. The provisions of the statute have been strictly construed, as noticed in Katz v. Hlavac, supra. It follows that one who purchases from a defendant who has rebonded buys subject to the determination of the replevin action, and gets no better title than the seller had.

For these reasons the order appealed from must be reversed. Several very interesting questions raised by the pleadings are referred to in the memorandum of the trial court, and were argued to some extent at the hearing; but we do not feel called upon at this time to consider them, since they were not involved in the decision appealed from.

Reversed and new trial granted.