### REPUBLIC STATE COMPANY v. EARLE BROWN.[2]

March 14, 1924.

No. 23,828.

**When owner of chattels recovered in replevin may sell pendente lite.**

1. Where the owner of personal property brings an action in replevin against a party claiming merely a lien thereon, and obtains possession from the officer who executed the writ, by reason of the claimant's failure to rebond, the plaintiff thereby acquires the right to sell and dispose of the property pendente lite and give good title to the purchaser.

**Property not in custody of law.**

2. Under such circumstances, the property, when turned over to the plaintiff by the officer, is no longer in the custody of the law, and the bond in replevin becomes a substitute therefor, and the claimant must look to the bond for protection.

[1]Reported in 197 N. W. 756.
[2]Reported in 197 N. W. 840.

Action in the district court for Hennepin county against the sheriff of Hennepin county to recover $4,200. The facts are stated in the opinion. The case was tried before Molyneaux, J., who when plaintiff rested denied defendant's motion to dismiss the action and at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $1,671. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Douglas, Kennedy & Kennedy,* for appellant.

*Hoke, Krause & Faegre,* for respondent.

QUINN, J.

In May, 1920, the Oneida Truck Company, as vendor, sold and delivered to Michael Tschida, as vendee, an automobile truck at the agreed price of $5,800 upon a conditional contract, by the terms of which title was retained in the vendor until the purchase price be paid in full. Fifteen hundred dollars was paid at the time of the sale and the remainder was to be paid in equal monthly instalments. On July 5, 1920, the vendee served notice on the vendor of rescission of the contract and sale, and demanded the return of the amount paid upon the ground of fraud on the part of the vendor in making the sale. Two days later the vendor brought an action in replevin against the vendee to recover possession of the truck on account of default in the payment of the monthly instalments. The usual statutory bond in replevin was filed. The officer took the truck from the vendee under the writ and the vendee failed to rebond. The officer then delivered the truck to the vendor, who caused the same to be taken to the southern part of the state, where it was used during the balance of the season. In the meantime the vendor, through its manager, LeRoy F. Scott, sold the truck to the plaintiff herein, on a conditional sales contract, for $4,000, which amount was then indorsed upon certain notes which the plaintiff held against the vendor. Plaintiff subsequently foreclosed its contract, bid in and took possession of the truck, and caused it to be stored until the spring of 1921. The replevin action was tried in March, 1921, and a verdict returned in favor of the defendant therein, upon which judgment was entered as follows:

"Pursuant to the stipulation between the parties hereto and the order for judgment herein, and on motion of Douglas, Kennedy and Kennedy,

"IT IS HEREBY ADJUDGED AND DECREED that the plaintiff take nothing by this action and that defendant have judgment against the plaintiff for damages in the sum of $1,500 with interest from the 8th day of May, 1920; a total of $1,590.

"IT IS FURTHER ADJUDGED AND DECREED that plaintiff is not entitled to the possession of one Oneida Truck, Model D-9, Serial No. 4314, as described in plaintiff's complaint and defendant is entitled to the return of said truck, which was taken by the sheriff in these proceedings and the possession thereof and that he have a lien thereon, securing the amount of said money judgment and that upon the payment of said amount and discharge of said lien said truck be returned to plaintiff.

"IT IS FURTHER ADJUDGED AND DECREED that the contract involved in this action is rescinded and the accompanying note cancelled."

Execution was issued May 31, 1921, under which the defendant, as sheriff, seized and levied upon the truck, as the property of Tschida. The plaintiff made demand upon the defendant for the possession of the truck, which was refused, and this action followed. At the close of the testimony, the court instructed the jury to the effect that the plaintiff was entitled to recover the value of the property. The appeal is from an order denying defendant's motion for judgment, or for a new trial.

It is contended on behalf of the defendant that the judgment in the replevin action is confirmatory of the lien and right of possession which Tschida, as vendee, acquired under the provisions of the Uniform Sales Act, Laws 1917, p. 788, chapter 465, § 69. The difficulty with the contention is that the statute has no application to the issues in the case. It provides that: "Where there is a *breach of warranty* by the seller the buyer may, at his election * * * rescind the contract to sell or the sale and refuse to receive the goods, or if the goods have already been received, return

them or offer to return them to the seller and recover the price or any part thereof which has been paid." We discover no allegation in the pleadings setting forth the elements of a sale and warranty, or of a breach of warranty. A contract of sale with a warranty must contain: First, an agreement for a transfer of title and possession; and, second, a further agreement that the article sold has certain qualities and conditions.

The basis of the right to rescind under the issues in the replevin action was fraud and not breach of warranty. The decisive question in the instant case is whether, in a replevin action where the owner of personal property brings such an action against one who claims merely a lien thereon, files a statutory bond, and obtains possession of the property from the officer, by reason of the failure of the defendant to rebond, the plaintiff thereby acquires the right to dispose of the property pendente lite so that the purchaser will receive good title. By the provisions of the contract under consideration, the vendor retained title to the property in question until it was fully paid for. Vendee had the right of possession until default in the payment of the purchase price. If the defendant wished to retain possession he should have rebonded.

The gist of an action in replevin is to determine the right of possession of personal property or the title thereto. The delivery of the property to the plaintiff, pending the litigation, does not of itself operate to pass title to him, nor will rebonding vest title in the defendant. Such acts only enable the party so receiving the property to retain possession subject to the final determination of the action. Such was the holding in O'Brien v. Curry & Whyte, 111 Minn. 533, 127 N. W. 411, 137 Am. St. 563. In that case the question of the title and the right of possession were both at issue. In the replevin case now under consideration the title was conceded to be in the plaintiff, the defendant therein claiming only the right of possession under a conditional contract of sale as vendee. The rule announced in Katz v. Hlavac, 88 Minn. 56, 92 N. W. 506, applies and controls the decision herein. There, as here, the title to the property was not involved. When the officer delivered the property to the plaintiff in the replevin action, it then held the same free from any lien,

with the right to dispose of it as might be deemed best. It was no longer in the custody of the law. The plaintiff had both title and possession.

It may be observed that Tschida, the vendee, attempted to rescind, and the Oneida Company refused to rescind the contract of sale. If there be any confusion resulting from the opinions in the two cases above cited, it may be said that, when the replevin action was brought, the vendee claimed a lien on the truck for the amount which he had paid. The vendor had given the usual statutory bond in replevin. The truck was taken from the vendee by the officer under the writ. Such taking did not divest the vendee of his lien, if he had any. The judgment in the replevin action recites that he had a lien. This judgment was not appealed from and has become final. It, while probably erroneous, is conclusive against the vendor that the vendee had a lien on the truck as security for the amount which he had paid on the contract of purchase. He claimed no more. He did not claim title.

In a replevin action, where title to the property is the issue, the prevailing party is entitled to the specific property in dispute, and although his adversary has given a bond and received the property, and then sells it and disposes of it pendente lite, the purchaser takes it subject to the outcome of the litigation. It is so held in O'Brien v. Curry, supra. But where the party in possession claims merely a lien on the property as security for a money demand, all that he is entitled to is security, and if the owner furnishes the required bond and receives the property, the bond becomes a substitute for the property, and the owner may dispose of the same pendente lite and give good title free from the lien. This distinction and the reasons therefor are clearly pointed out in the well reasoned opinion in Union Nat. Bank v. Moline, Milburn & Stoddard Co. 7 N. D. 201, 73 N. W. 527, 532, 533. Our holding being that, where the party in possession claims only a lien on the property, the rule announced in Katz v. Hlavac, supra, applies and the bond takes the place of the property and becomes a substitute therefor. Such was the case under consideration, and Tschida's remedy was on the bond. The plaintiff was not a party to the

replevin action and received the truck free from Tschida's lien and consequently was entitled to recover as the court instructed the jury.

Affirmed.