[No. 7,838.   Department One.— May 14, 1884.]

## J. L. WHETMORE, APPELLANT, v. D. C. RUPE, RESPONDENT.

REPLEVIN— FINDING VALUE OF EACH ARTICLE— JUDGMENT.— A defendant who recovers a judgment in an action of replevin, where the property has been delivered to the plaintiff, is entitled to a judgment for a return of all the property, and if it cannot be returned, then to a judgment for the value of the whole. It is not necessary to the validity of the judgment that the separate value of each article sued for be found by the court.

ID.— JURISDICTION— FINDING— JUDGMENT.— A finding that an action was commenced, and that a judgment therein was duly given and made, includes a finding of all the facts necessary to give the court jurisdiction.

APPEAL from a judgment of the Superior Court of Sonoma County.

*Porter & Rutledge*, *Rutledge & McConnell*, and *Frame & Allen*, for Appellant.

*George A. Johnson*, for Respondent.

The COURT.— 1. The court below found there was not an immediate delivery, and actual and continued change of possession to and in plaintiff, of the goods demanded in this action, and this is not contradicted by the other findings.

2. Appellant contends the judgment should be reversed because neither it nor any finding determines the value of each article sued for separately. In support of this contention appellant cites *Wallace* v. *Hilliard*, 7 Wis. 627; *Farmers' Loan* v. *Commercial Bank*, 15 Wis. 425; *Whitfield* v. *Whitfield*, 40 Miss. 369; and *Hoeser* v. *Kraeka* 29 Tex. 455. The first of these cases only decides that the verdict should find the value of the property sued for, and the second that defendant may waive a return of the property and take a judgment for its value alone. In California it has been held that defendant may waive his right to the alternative judgment for value, and may rely on his judgment for the return of the property. (*Waldman* v. *Broder*, 10 Cal. 379.) *Whitfield* v. *Whitfield*, cited from the Mississippi Reports, decided that a judgment in favor of a *plaintiff* which did not follow a verdict, specifying the value of each article, but which required the defendant to deliver all

the articles of property, or pay their aggregate value, was erroneous. *Hoeser* v. *Kraeka*—the Texas case—seems to uphold the view of the appellant. There the court held a verdict which did not find a separate value of each article recovered erroneous, saying: "The defendant should have the privilege of returning any one or more of the articles recovered, instead of paying its value, and *vice versa;* but this would be denied him unless the separate value of each article were found."

We do not agree that the wrong-doer may, through his wrong-doing, acquire a privilege of restoring to its owner a particular article, or paying instead its value, as found by a jury. Under our Code, the judgment is primarily for the return of all the property wrongfully taken or withheld, and the judgment for its value comes into operation only "in case a return cannot be had." (Code Civ. Proc. § 667.) So by section 627, the jury are to find the value of any specific portion of the property only "if so instructed." Error can, therefore, only arise in a case where such instruction would be pertinent and proper, and the instruction was asked and refused. In *De Thomas* v. *Witherby*, 61 Cal. 92, this court held that where a plaintiff replevined goods from a defendant, and a judgment was rendered against him for a return of the property or its value, the plaintiff could not be excused from satisfying the judgment upon a plea that the property had been lost in his hands, even by act of God. In *De Thomas* v. *Witherby*, the language of the Superior Court of New York, in *Suydam* v. *Jenkins*, 3 Sand. 614, is cited with approval: "The undertaking of the plaintiff in the replevin bond, we conceive is absolute to return the goods, or pay their value at the time of the execution of the bond. We do not think that a wrong-doer is ever to be treated as a mere bailee, and that the property in his possession is to any extent at the risk of the owner." It cannot be doubted that a plaintiff, who, without right, has seized the property of a defendant under a writ, is a wrong-doer.

Under our Code the defendant who recovers a judgment in an action like the present, where the property has been delivered to the plaintiff, is entitled to a judgment for a return of the property; and if the property—all of it—cannot be returned, then to a judgment for the value of the whole.

In the case at bar the court found the value of the property to be $400, but ordered an alternative judgment for $155.45. Appellant cannot complain that the judgment was for less than the value of the property.

3. The answer alleges that defendant was a constable, and that in the action, *Glenn* v. *Ward,* in the Justice's Court, an attachment issued upon an affidavit and undertaking, the contents whereof, showing conformity to the Code, are set forth; and that defendant as constable under the attachment, levied on the property, it being in the possession of Ward. That in the action, *Glenn* v. *Ward,* a judgment was afterwards duly given, upon which execution issued to defendant, who levied the same on the attached property, etc. The findings are as full as the pleading, the finding with respect to the judgment being that it was "duly given and made." These facts, in connection with the other facts found, constituted a defense for the constable. (*Thornburg* v. *Hand,* 7 Cal. 554.) It is urged that there is no finding that there was anything due from Ward to Glenn at the commencement of the attachment suit. But there is a statement in the answer that the suit was commenced on "an obligation incurred in Santa Rosa, said county," and if this was an imperfect averment of indebtedness, plaintiff did not demur generally or specially. The court found: "All the other issues than those hereinbefore specifically mentioned are found in favor of defendant."

4. It is said by appellant that the judgment in the attachment suit is void, because Ward was not served with summons. This must mean that it does not affirmatively appear he was served, in the findings herein. But the finding is that the action was commenced in the Justice's Court, etc., judgment "duly given and made." This includes a finding of the facts necessary to give the court jurisdiction.

Judgment affirmed.