WILLIAMS and others *v.* MORRISON and others.

*(Circuit Court, E. D. Missouri, E. D.* September 22, 1887.)

1. COURTS—CONFLICT OF STATE AND FEDERAL JURISDICTION—REPLEVIN—CON-
FUSION OF GOODS.

An action of replevin was brought in a state court to recover a quantity of paving stone alleged to have been wrongfully taken from plaintiff's quarry, and the property was seized by the sheriff. Pending this action, the defendant brought suit in the United States circuit court for the recovery of the property so seized, together with other stone that had been quarried subsequent to the seizure. *Held,* that the United States court had no power to determine the rights of the parties to the property seized, under process of the state court, as the same question was before the state court; and that if, through the fault of plaintiff, the other property sought to be recovered had become so mixed with that seized by the sheriff that the two lots could not be distinguished, none of the property could be recovered.[1]

2. LICENSE—REVOCATION—ORAL LICENSE TO QUARRY STONE—POSSESSION OF
STONE AFTER LICENSE REVOKED.

An oral license to take out stone from a quarry for a term of years is subject to revocation at any time, upon notice to the *licensee,* and he is not entitled to possession of the stone taken out subsequent thereto.

*Chas. A. Davis, Geo. A. Castleman,* and *C. D. Yancey,* for plaintiffs.
*Frank M. Estes* and *Dinning & Byrnes,* for defendants.

THAYER, J., *(charging jury.)* The case that you were engaged in trying all of yesterday is what is known as an action of replevin. The action involves the question whether the plaintiffs in this case or the defendants were entitled to the possession of 8,000 or more granite paving blocks, on April 23, 1886, when this suit was brought. It is not denied that the defendants were in possession of the granite blocks in question when this suit was brought; and it is not denied that they were taken by the United States marshal, under an order of delivery in this case, from the possession of the defendants, and that they were delivered to the plaintiffs, and are now in plaintiffs' possession. The question which you will have to determine is whether the plaintiffs shall retain in whole or in part the granite blocks so delivered to them by the marshal, or shall in whole or in part restore them to the defendants. That is the general question to be settled, and the settlement of it depends upon the question who was the owner of those granite blocks on April 23, 1886, when this suit was brought?

Now, the facts which plaintiffs rely upon to support their title are, in substance, as follows: They claim that in November or December, 1885, Mr. Lorenz, acting in behalf of himself and Morrison, gave them verbal permission to take immediate possession of the granite quarry and work it for two years, paying therefor $1.50 per 1,000 for all granite blocks taken out ready for shipment. On the other hand, the defendants deny

---

[1] As to the principles which govern in cases of conflict between courts of concurrent jurisdiction, see Senior v. Pierce, 31 Fed. Rep. 625; Melvin v. Robinson, Id. 634; Kohn v. Ryan, Id. 636.

that any such oral license or permission to work the quarry was given. They claim the fact to be that Williams made application to them for a two-years lease of the quarry; that Lorenz and Williams came to an oral agreement as to some of the terms of the lease; that it was arranged that Lorenz should prepare a written form of lease, and mail it to Williams for approval, and, if satisfactory, it was then to be executed by all of the parties. The defendants say that a form of lease was prepared by Lorenz, and mailed to Williams in accordance with this understanding; that the lease was incomplete, being only signed by Lorenz; and that for nearly two months thereafter they did not hear from Williams respecting the lease, but that in the mean time, supposing the negotiation for a lease had fallen through, they leased the quarry to other parties. I only aim to state the substance of the respective theories of the parties; it is for you to recollect the testimony on this point as it was given in your presence by the witnesses.

Now, gentlemen, your first duty will be to determine from the testimony which of the two theories last stated is correct. In other words, you must determine which party tells the truth as to the transaction,— Williams on the one side, or Morrison and Lorenz on the other. Assuming that under the evidence you find in favor of the plaintiffs, (that is to say, if you credit Williams' statement concerning the oral license,) then the court instructs you that all the granite blocks taken out under such an oral license, and before it was duly revoked by the defendants, belonged to the plaintiffs in this case; and it follows that your verdict should be for the plaintiffs for so many of the granite blocks, delivered to them by the marshal under the writ of replevin in this case, as were taken out under such oral license before it had been revoked. It will be for you to determine the number of the blocks so taken out, if any.

Now, on the other hand, assuming that you adopt the defendants' theory of the case, and find that no oral license to take out rock was ever granted, and that the lease for the quarry was not executed and delivered by all the owners of the property as intended at the time of the negotiations for the lease, then it follows, as a matter of law, that plaintiffs had no right at any time to take possession of the quarry and take out rock, and that in doing so before they had a valid lease, or any oral license, they acted at their peril, and have no right to any of the granite blocks in controversy, and you should so find.

Furthermore, gentlemen, if you believe that there was an oral license given at one time to take out rock, the court instructs you that such oral license was of such character that it might be revoked at any time by the defendants by giving the plaintiffs personal notice that the license was terminated, and notifying them to leave the premises; and therefore, if it appears from the testimony that there was an oral license, but a subsequent revocation of the same, and that after the revocation plaintiffs continued to take out rock in opposition to the wishes of the defendants, then plaintiffs have no right to the possession of the rock taken out after the revocation of the license; and you should so find. If you find that there was an oral license at one time, then you must further

determine if there was a subsequent revocation of the same, and the date of the revocation, and whether plaintiff after the revocation took out rock, and how many, if any, of the blocks of granite now in controversy were taken out under such circumstances, and for that reason belonged to the defendants.

There is another feature of the case to which I must also direct your attention. It appears from the testimony, and of this there is no dispute whatever, that on the eighth day of April, 1886, Lorenz and Morrison sued out a writ of replevin in the circuit court of Wayne county, Missouri, and that under that writ, on the ninth day of April, 1886, certain of the granite blocks in controversy in this case were taken out of the plaintiffs' possession, and delivered to the defendants; that is to say, they were delivered by the sheriff of Wayne county to Morrison and Lorenz. It will be for you to determine, as a question of fact, how many of the blocks of granite in controversy in this case were the same blocks of granite that were so taken by the sheriff of Wayne county, and delivered to the defendants on April 9, 1886. It appears very clearly, and on this point you will have no room for doubt, I take it, that all of the granite blocks at the quarry, on April 9, 1886, were so taken and delivered by the sheriff of Wayne county to the defendants; but you must determine from the evidence, as nearly as you can, how many blocks there were at the quarry at that time, that is, April 9, 1886, and how many blocks were quarried by the plaintiffs between that date and April 28, 1886, when the marshal of this court seized all the blocks at the quarry, including those taken by the sheriff, and turned the whole lot over to the plaintiffs, that is, to Williams and James.

Now, gentlemen, the suit in the Wayne county circuit court was a suit that was pending in the state court, and was undetermined when this action was brought in the federal court, on April 24, 1886, and for that reason all of the blocks taken by the marshal of this court, on April 28, 1886, which were the same that had been seized by the sheriff on April 9, 1886, under the writ of the Wayne county circuit court, must be restored to the defendants by your verdict. The right to those blocks that were seized by the sheriff of Wayne county, Missouri, must be determined and adjudicated, as between the parties to this suit, by the state court in which that replevin suit is now pending, and not by this court, so that in no event can you find in plaintiffs' favor for all the blocks which the marshal seized under the writ in this case. You must in any event find in the defendants' favor for the blocks delivered to them by the sheriff on April 9, 1886, stating in your verdict the number of blocks and their value.

There is yet another feature of this case to be alluded to, and it is this: It seems that after the sheriff seized all the blocks at the quarry on April 9, 1886, they were left there on the ground at the quarry by the defendants, and plaintiffs went on until the twenty-eighth of April, 1886, getting out other and additional granite paving blocks. Now, there is a controversy here as to whether the blocks taken out after April 9, 1886, were piled or laid by themselves, so that they could be distinguished

from those seized by the sheriff, or whether they were so mixed and mingled by the plaintiffs with the blocks taken by the sheriff that the two lots could not be distinguished, the one from the other. You will have to determine that issue from the evidence before you; and if it appears from the evidence, and you so find, that plaintiffs so mixed the rock taken out by them after April 9, 1886, with the rocks seized by the sheriff of Wayne county, that the two lots could not be distinguished when the marshal arrived, then the plaintiffs had no right under the process of this court to take any of the rock found at the quarry on April 28, 1886, whether they were taken out prior to or subsequent to April 9, 1886, and you will have to so find. This last conclusion which I have stated to you is the result of a rule of law that, if a man wrongfully mixes his own goods with like goods of another person, so that they cannot be distinguished, the wrong-doer must lose his property.

With these general directions you may take the case with the following forms of verdict, which have been prepared for you by the court: If under the evidence and the instructions which I have just given to you, you find that the defendants are entitled to have all of the granite blocks taken by the marshal restored to them, your verdict will be in this form:

"*John H. Williams and others* vs. *Jasper N. Morrison and others.*

"We, the jury, find that the defendants are entitled to the possession of all of the granite blocks described in the petition in this case which were taken from their possession on April 28, 1886, under the order of delivery in this case, and we assess the value of said blocks at the sum of ———— dollars."

And in case you adopt this form of verdict, you will have to find the value of the granite blocks, and you will assess the damages for the taking and detention of the same at one cent. There is no evidence here warranting you in giving any substantial damages in case you find that the defendants are entitled to have all these granite blocks restored to them. There is no evidence here entitling you to give the defendants any damages other than nominal damages. You will simply state in your verdict the value of the granite blocks that are to be restored, for the further purposes of the suit.

If under the evidence and instructions you find that the plaintiffs are entitled to retain a portion of the blocks now in their possession, which were seized by the marshal and delivered to them, your verdict will be as follows:

"*John H. Williams and others* vs. *Jasper N. Morrison and others.*

"We, the jury, find the plaintiffs are entitled to the possession of ———— granite blocks seized by the United States marshal, under the order of delivery in this case, on April 28, 1886, being a part of those described in the petition in this case, and we assess the plaintiffs' damages for the detention of the same by the defendants at one cent; and we furthermore find that the defendants are entitled to all the residue of said granite blocks described in the petition herein, being the same which were seized by the marshal under the order of delivery, that is to say, ———— granite blocks, and we assess the value of those granite blocks to which the defendants are entitled at the sum

of ——— dollars, [giving the amount,] and we assess the defendants' damages for the taking and detention thereof at one cent."

You will take these two forms of verdict with you to your room, and use them in making up your verdict.