MCGLORA MANNAUSAU v. TIMOTHY WALLACE.

*Replevin—Bond—Sale—Good-faith purchaser.*

87    543
s49ᴺᵂ1082
129   ¹352

1. The Michigan replevin statute expressly provides for a return of the property to the defendant if he so elect, and the bond also expressly provides for a return of the property. These provisions of the law were idle if it were the intention to give to the plaintiff the absolute right to a disposal of the property.

2. Although the property is delivered to the plaintiff, it still remains in the custody of the law, and, if a judgment for its return pass in favor of the defendant, he may recover it by execution if found within the jurisdiction of the court, and, if not, by replevin, and it is immaterial whether the defendant purchased it in good faith or not.

So *held*, where a plaintiff, who had replevied property in justice's court, sold it in another county, and on the refusal of the defendant to deliver the property to the defendant, who had recovered a judgment for its return, he brought replevin to recover possession.

3. The language used in *Cary v. Hewitt*, 26 Mich. 236, must be construed in reference to the facts, which were entirely different from those in this case, and the statement that the bond "in a special sense" becomes a substitute for the goods is very far from saying that the title had passed to the plaintiff.

Error to Washtenaw. (Kinne, J.) Argued June 19, 1891. Decided October 9, 1891.

Replevin. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Sawyer & Knowlton,* for appellant, contended:

1. Under the replevin laws of this State, the plaintiff, after giving his bond, holds the property under a general power of disposal, and a purchaser from him acquires a good title, even though he knows of the pendency of the replevin suit; citing *Cary v. Hewitt,* 26 Mich. 236; *Gordon v. Jenney,* 16 Mass. 465; *Stevens v. Tuite,* 104 Id. 333; *Acker v. White,* 25 Wend. 614;

*Case v. Woleben*, 52 Iowa, 389; *Rockey v. Burkhalter*, 68 Penn.
St. 221; *Burkle v. Luce*, 6 Hill, 558; Wells, Repl. § 470.

*Lehman Bros. & Cavanaugh,* for plaintiff, contended:

1. On the giving of a bond by a plaintiff in replevin, the property
is placed in his possession; his custody is the custody of the
sheriff; the property is not withdrawn from the custody of the
law. In the hands of a claimant under bonds to the sheriff
for its delivery, it is as far from the reach of other process as
it would have been if in the hands of the officer; citing *Hagan
v. Lucas*, 10 Peters, 400; *Rives v. Wilborne*, 6 Ala. 46; *Lock-
wood v. Perry*, 9 Metc. 440; *White v. Dolliver*, 113 Mass. 402;
*Burkle v. Luce*, 1 N. Y. 163; *Hunt v. Robinson*, 11 Cal. 272;
*Goodheart v. Bowen.* 2 Bradw. 578; *Lovett v. Burkhardt*, 44
Penn. St. 174; *Speer v. Skinner*, 35 Ill. 282, 290; *Bruner v.
Dyball*, 42 Id. 34.

GRANT, J. Replevin for a horse.

In 1888, one Samuel Mannausau brought an action of
replevin for this same horse, in a justice's court in the
county of Wayne, against the plaintiff in this case. In
the former suit judgment was rendered for the defendant,
who took judgment for the return of the property.
Samuel Mannausau, upon the delivery of the property to
him by the officer, took it to the county of Washtenaw,
and sold it to the defendant. McGlora Mannausau, being
unable to obtain the property under an execution in
Wayne county, went to the defendant in Washtenaw
county, made a demand of defendant for its possession,
and, upon his refusal, brought this action of replevin.
Verdict and judgment went for the plaintiff.

Samuel Mannausau did not, by his action of replevin,
obtain the title to the property: The Michigan replevin
statute expressly provides for a return of the property to
the defendant if he so elect. The bond also expressly
provides for a return of the property. These provisions
of the law were idle if it were the intention to give to
the plaintiff the absolute right to a disposal of the
property. Although the property is delivered to the

plaintiff, still it remains in the custody of the law, and, if judgment be for the defendant, he may recover it by execution if found within the jurisdiction of the defendant; if not, then by replevin. If a person has no title, he cannot obtain one by suing out a writ of replevin, and, having no title, he cannot convey one. It is immaterial, therefore, whether the defendant purchased in good faith or not. Possession is no more conclusive evidence of title in such case than in any other.

*Cary v. Hewitt*, 26 Mich. 236, is not decisive in favor of the defendant. The question was not directly involved, and the facts in that case were entirely different from those in the present case. The language there used must be construed in reference to the facts. The Court there hold that the bond "in a *special sense*" becomes a substitute for the goods. This is very far from saying that the title had passed.

Judgment affirmed, with costs.

The other Justices concurred.