## SCOTT v. STANDRIDGE.

No. 15815—Opinion Filed March 9, 1926.

Rehearing Denied April 6, 1926.

1. **Replevin—Property Held Under Replevin Bond in Custodia Legis—Premature Sale at Foreclosure.**

Where property is held by a party under bond in a replevin action, conditioned for the redelivery of the specific property in the event he should not prevail in the action, such property is to be considered in custodia legis, the same as if the actual possession was with the officer.

Said property being in custodia legis, the proceeds of the sale thereof could not be applied as a credit upon the mortgage debt for the satisfaction of which the same was being replevied, in order to be foreclosed under a chattel mortgage, until such replevin action had been finally determined. (Farmers' State Bank v. Stephenson, 23 Okla. 695, 102 Pac. 992.)

2. **Same — Foreclosure Sale Pending Replevin Action as Conversion—Rights of Mortgagor.**

The sale of property pending the suit, while in custodia legis, by the plaintiff, constitutes conversion and does not bind the defendant. And on the final trial of the cause, or in an independent action to recover the balance alleged to be due under the mortgage, the defendant is entitled to prove the reasonable market value of the property at the time of the sale and recover same, should plaintiff fail, and in the event the plaintiff prevails, defendant is entitled to credit for such sum as the reasonable market value of the property is proven to be.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from County Court, Garvin County; J. D. Cofield, Judge.

Action by S. S. Scott against F. P. Standridge. Judgment for plaintiff in the sum of $82.50, and plaintiff brings error. Affirmed.

O. W. Patchell, for plaintiff in error.

Blanton, Osborn & Curtis, for defendant in error.

Opinion by PINKHAM, C. The plaintiff in error, S. S. Scott, as plaintiff, instituted this action in the county court of Garvin county on the 11th day of March, 1922, to recover $572.89 as a balance alleged to be due on a promissory note executed by the defendant, F. P. Standridge. It appears that the note had been given as part of the purchase price of an automobile sold to defendant by plaintiff, and the note was secured by a chattel mortgage on said automobile and a team of mules.

After the note matured, and the defendant being unable to pay the same, the plaintiff demanded possession of the mortgaged chattels. The defendant refused to deliver the same, and the plaintiff instituted a replevin action in the county court for the possession of the property involved. Affidavit was made stating the value of the mules to be $200 and the automobile $115, bond was given, and writ of replevin issued; the mules and automobile were seized, and the defendant failing to give redelivery bond, the sheriff turned the property over to the plaintiff. Without waiting for a judgment in the replevin action, adjudging him to be entitled to the possession of the property, the plaintiff proceeded, while the replevin action was pending, to advertise the said mules and automobile for sale under the terms of the chattel mortgage. The plaintiff purchased the property at the sale for the sum of $20 each for the mules and $115 for the automobile, making a total of $155. Judgment was finally taken in the replevin action, adjudging the plaintiff entitled to the possession of the property, and thereupon the plaintiff credited the sum of $118 on the note after deducting the expenses and costs, and instituted the present action for the balance of the note. The defendant pleaded a conversion of said property by the plaintiff, and the wrongful sale thereof, and alleged the true value of the property, and sought to have the same credited on the note.

The evidence taken on the trial of the instant case is not incorporated in the record, but at the conclusion of the trial the court instructed the jury, in substance and effect, that the only issue for it to determine was the reasonable value of the property involved at the time of the sale on January 10, 1922; that the jury should find the reasonable value of the property and offset the same against the sum admitted to be due to plaintiff under the promissory note in the sum of $759.37; that if said sum, representing the reasonable value of said property, is greater than the sum evidenced by the note, the jury should return a verdict for defendant for such excess; and if said sum is less than the sum of $759.37, the jury should credit the same thereon, and return a verdict for plaintiff for the difference. The jury returned a verdict in favor of plaintiff in the sum of $82.50 having offset the real value of the property as determined by it against the indebtedness claimed to be due by the plaintiff.

The only proposition presented by counsel

for plaintiff necessary to be considered is, that the plaintiff having given a bond in the replevin action and the property having been turned over to the plaintiff by the sheriff, he was not required to wait for the termination of the replevin action before proceeding to advertise and sell the property. It is earnestly insisted that under such a state of facts the property was not in custodia legis.

The only question involved in the case is whether or not property held under a replevin bond is in the custody of the law. If the defendant had consented to the delivery to the plaintiff of the property in question upon his demand therefor, plaintiff's theory would be applicable, but when the defendant refused to deliver the property to the plaintiff, his refusal was tantamount to an assertion of his right to retain the possession of the property until the question of the right of possession was determined in the action. The replevin bond given by plaintiff required him to keep the property safely until judgment was rendered in the replevin action.

The question raised by plaintiff in his brief is not an open one in this state. In the early case of Farmers State Bank of Arkansas City, Kan., v. Stephenson, 23 Okla. 695, 102 Pac. 992, it is held in the syllabus:

"Where property is held by a party under bond in a replevin action, conditioned for the redelivery of the specific property, in the event he should not prevail in the action, such property is to be considered in custodia legis, the same as if the actual possession was with the officer.

"1a. Said property being in custodia legis, the proceeds of the sale thereof could not be applied as a credit upon the mortgage debt for the satisfaction of which the same was being replevined, in order to be foreclosed under a chattel mortgage, until such replevin action had been finally determined."

In the recent case of Salisbury v. First Nat. Bank, 99 Okla. 138, 221 Pac. 444, the court held:

"The sale of property pending the suit, while in custodia legis, by the plaintiff, constitutes conversion and does not bind the defendant. And on the final trial of the cause the defendant is entitled to prove the reasonable market value of the property at the time of the sale and recover same, should plaintiff fail, and in the event the plaintiff prevails, defendant is entitled to credit for such sum as the reasonable market value of the property is proven to be."

The same rule is announced in the case of Mid-Continent Motor Co. v. Art Harris Transfer Co., 97 Okla. 139, 223 Pac. 130.

Counsel for plaintiff in error concedes that the opinions in the above cases are against his present contentions, but argues that there is really no occasion in this state for the application of the custodia legis principle by a legal fiction or otherwise in a replevin action. The contention is that the rule laid down in the cases cited is wrong in principle and is antagonistic to other Oklahoma cases not referred to in said decisions.

The Oklahoma cases cited in support of this proposition are: First Nat. Bank of Wellston v. Kreuzberg, 75 Okla. 97, 181 Pac. 717; and Chadwell v. Brown, 88 Okla. 44, 211 Pac. 410. An examination of these cases fails to support plaintiff's contention. We observe nothing in the cases referred to that in any wise conflicts with the rule clearly announced in First Nat. Bank v. Stephenson, supra, and the two other Oklahoma cases heretofore cited that follow the First Nat. Bank v. Stephenson Case, supra.

In 34 Cyc. 1458, it is said:

"Whether property when in the possession of plaintiff is in custodia legis or not is a question upon which the authorities are not entirely in accord. The question mainly depends for its solution upon statutory provisions. Thus under a replevin statute, providing for a return of the property to defendant, if he so elects, in case the judgment is for him, no title to the property vests in the plaintiff on its delivery to him, but it remains in the custody of the law, and cannot pass even to a bona fide purchaser from plaintiff or be levied upon under attachment or execution. Plaintiff has, however, a possession which defendant has no right to disturb or contest."

In Cobbey on Replevin (2d. Ed.) sec. 705, the author states:

"Though held by a party to the suit who has given bond, in most states it is not subject to sale by him; but he must hold it as an officer of the court, subject to the order of the court on the final determination of the suit. * * * The custody of the claimant is the custody of the officer; the property is not withdrawn from the custody of the law. * * * " citing Hagan v. Lucas, 10 Pet. (U. S.) 400; and Williams v. Morrison (C. C.) 32 Fed. 177.

In Shinn on Replevin, section 399, the author states:

"Under modern statutes the bond stands in lieu of the property only 'in a special sense' and it can no longer be said that because of it the title passes to the plaintic. It gives to the plaintiff the right of possession of the property and to that extent stands in lieu of the property until the suit is finally determined. * * *"

Section 328, C. S. 1921, reads as follows:

"The order shall not be issued by the clerk until there has been executed in his office, by one or more sufficient sureties of the plaintiff, to be approved by the clerk, an undertaking in not less than double the value of the property, as stated in the affidavit, to the effect that the plaintiff shall duly prosecute the action, and pay all costs and damages which may be awarded against him, and if the property be delivered to him, that he will return the same to the defendant if a return be adjudged."

The rule to be deduced from the authorities is that the giving of the bond by the plaintiff in replevin has only the effect of conferring upon him as against the defendant the right to possession of the property, and does not affect the title to the property, and, therefore, if the plaintiff was without title, a sale by him pending the replevin action does not pass a good title to the purchaser. 24 Ency. of Law (2nd Ed.) 534.

We think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 34 Cyc. pp. 1458, 1459. (1, 2) 11 C. J. p. 704 § 502.