## FEDERAL NAT. BANK et al. v. McDONALD.

No. 18300.  Opinion Filed Dec. 6, 1927.

(Syllabus.)

1. **Appeal and Error—Questions of Fact—Conclusiveness of Verdict—Conversion.**

    In an action for conversion, where the evidence is conflicting as to whether the defendant exerted acts of dominion over plaintiff's property wrongfully, the finding of the jury in favor of the plaintiff will not be disturbed where there is competent evidence which reasonably tends to support such finding.

2. **Replevin—Property Held Under Bond in Replevin—Sale Pending Suit as "Conversion."**

    Where property is held by a party under bond in a replevin action, conditioned for the redelivery of the specific property in the event he should not prevail in the action, such property is to be considered in custodia legis, the same as if the actual possession was with the officer, and the sale of the property pending the suit, while in custodia legis, by the plaintiff, constitutes conversion.

3. **Damages—Exemplary Damages—Proof Necessary of Fraud, Malice, or Oppression.**

    To entitle a plaintiff to recover exemplary damages in an action sounding in tort, the

proof must show some element of fraud, malice, or oppression. The act which constitutes the cause of action must be actuated by or accompanied with some evil intent, or must be the result of such gross negligence—such disregard of another's rights—as is deemed equivalent to such intent.

### 4. Replevin—Recovery of Exemplary Damages for Conversion of Property Sustained.

Record examined, and held, the question of exemplary damages was properly submitted to the jury and its verdict is supported by competent evidence.

Error from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Action by W. H. McDonald against the Federal National Bank and John A. Armstrong. Judgment for plaintiff, and defendants appeal. Affirmed.

Abernathy & Howell, for plaintiffs in error.

Kenneth Kienzle, F. H. Reily, and Chas. B. Hickok, for defendant in error.

MASON V. C. J. The defendant in error, W. H. McDonald, recovered a judgment against the plaintiffs in error in the sum of $350 actual damages and $200 punitive damages for the conversion of certain personal property, from which the latter appeal.

The facts, as disclosed by the record, are substantially as follows: The plaintiff purchased the property involved herein from one Phillip Hibbs, who previously thereto had mortgaged the same to the defendant bank. It appears that the plaintiff had knowledge of such mortgage and that the bank had knowledge of said sale. Thereafter, the note secured by said mortgage became due and the bank placed it in the hands of the defendant John A. Armstrong, a constable, for collection, and he demanded payment of the p'aintiff, which was refused. The testimony also discloses that Armstrong demanded an additional $10 as his fee in making the collection. The bank then commenced an action wherein Phillip Hibbs was made the sole defendant and a replevin affidavit and bond were executed and filed and replevin summons issued. None of this process was ever served upon Hibbs, it appearing that he was out of the county until just a short time prior to the time the instant case was commenced. The plaintiff herein was not made a party to that case, but the constable went to his place and attempted to locate and take possession of said property and some time thereafter located it in the possession of plaintiff's son-

in-law, who was acting as plaintiff's agent, and took possession of it.

Plaintiff's evidence was that Armstrong took possession of said property forcibly and without the consent of the plaintiff or his agent and upon the fraudulent representation that he had a valid replevin process. This evidence however, was disputed by the defendants. After holding the property for 24 hours, during which time the plaintiff herein refused to file a redelivery bond, the defendant Armstrong delivered the property to the bank, which advertised the same for sale and sold it in the method prescribed for the foreclosure of a chattel mortgage.

Thereafter, the justice court attempted to render judgment in favor of the bank for possession of said property, although no service of summons had been had, and neither the plaintiff herein nor his agent were parties defendant.

The verdict of the jury in favor of the plaintiff necessarily implies a finding that the defendant Armstrong took said property from the agent of the plaintiff without permission or authority, and such finding being reasonably supported by competent evidence, it will not be disturbed by this court on appeal.

Although the record discloses that the plaintiff was not a party to said replevin action, yet if he had been and service of the replevin summons had been duly had upon him, the sale of the property by the bank before judgment in said action would constitute a conversion of the property. Salisbury v. First National Bank, 99 Okla. 138, 221 Pac. 444. The court, in that case, announced the rule in the syllabus as follows:

"Where property is held by a party under bond in a replevin action conditioned for the redelivery of the specific property in the event he should not prevail in the action, such property is to be considered in custodia legis, the same as if the actual possession was with the officer.

"Said property being in custodia legis, the proceeds of the sale thereof could not be applied as a credit upon the mortgage debt for the satisfaction of which the same was being replevined, in order to be foreclosed under a chattel mortgage, until such replevin action had been finally determined.

"The sale of property pending the suit, while in custodia legis, by the plaintiff, constitutes conversion. * * *"

It is urged that the trial court erred in admitting evidence on the part of the p'aintiff over the objection of the defendants. It appears from the record that a vast amount

of evidence was introduced which had very little, if any, bearing upon the real issues in the case, and the defendants objected to evidence which was introduced pertaining to the original transaction between Hibbs and the plaintiff and the bank, whereby the plaintiff purchased said property.

This evidence probably was not competent, but the court finally instructed the jury not to consider any evidence touching on said transaction, and for that reason we cannot see wherein the defendants were damaged thereby, and the error, if any, in its admission was harmless, especially in view of the fact that plaintiffs in error fail to point out in their brief wherein they have been prejudiced thereby.

It is also urged that the court erred in admitting certain rebuttal testimony on the part of the plaintiff. The defendant Armstrong had testified that when he went to the home of plaintiff's son-in-law to take possession of said property, some member of the family telephoned to the plaintiff, after which they reported to him that the plaintiff agreed that he might take said property. A son of the plaintiff, over the objection of the defendants, was permitted to testify on rebuttal that said telephone conversation was not had with the plaintiff, but with him. He then testified contradictory to Armstrong's testimony and denied that the plaintiff had given permission for Armstrong to remove or take possession of said property.

This evidence may not have been the most conclusive or satisfactory evidence on rebuttal, yet we cannot say that it was incompetent and inadmissible.

Error is also urged because the defendant Armstrong was not permitted to testify that he did not know that the naming of Phillip Hibbs as a defendant in the replevin proceeding was not sufficient to bring in all the necessary parties to the case. This, no doubt, was offered as a defense to plaintiff's claim for punitive damages. It is difficult to conceive how one holding the office and acting as constable could entertain any opinion that the making of one party as a defendant could permit the taking of property from another, yet, be that as it may, it is an old and well-established rule that every person is presumed to know the law, and especially should this be true when he attempts to take possession of the property of another. The witness was permitted to testify, however, that he did not have any malice or intent to practice any fraud or to oppress Mr. McDonald in performing his duties in connection with the replevin suit.

It is next contended that the court erred in submitting to the jury the question of exemplary damages. Section 5975, C. O. S. 1921, provides:

"In any action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, or malice, actual or presumed, the jury, in addition to the actual damages, may give damages for the sake of example, and by way of punishing the defendant."

The court's instructions submitting the question of exemplary damages were to the effect that if the jury believed from the evidence that the defendants, in converting the property of the plaintiff, were acting willfully, wrongfully and maliciously and without regard to the rights of the plaintiff, or if the defendant Armstrong, acting as the agent of the bank, falsely represented to the persons having possession of said property for plaintiff that he had a valid replevin summons, then they would be authorized, in addition to actual damages, if any, to award the plaintiff, as punitive or exemplary damages, such an amount as in their judgment, from all the facts and circumstances in the case, would be sufficient to punish the defendants, not to exceed the amount asked for in the petition.

We think the testimony tended to show the case to be one of an aggravated nature. The bank procured the aid of the defendant Armstrong who was a constable, in attempting to make this collection and in taking possession of the property, although the evidence tends to show that the bank had knowledge that the plaintiff had possession of said property and had not been made a party to the action.

The evidence is sufficient to warrant the jury in finding that the defendant Armstrong attempted to collect $10 in addition to the amount owed to the bank; that he was armed with no process authorizing him to take said property from the plaintiff or his agent; that he represented to such agents that he had such process.

We think the question of exemplary damages was properly submitted to the jury and its verdict is supported by competent evidence.

From an examination of the entire record, we are of the opinion that the case was fairly tried and properly submitted to the jury by the instructions of the court, and that the court's judgment rendered up-

on the verdict of the jury should be, and the same is affirmed.

BRANSON, C| J., and HARRISON, PHELPS, LESTER, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 4 C. J. p. 859, §2836; 2 R. C. L. p. 193; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79; 6 R. C. L. Supp. p. 73. (2) 34 Cyc. p. 1458. (3) 17 C. J. p. 977, §273; p. 983, §280; anno. 29 L. R. A. (N. S.) 279; 8 R. C. L. p. 607. (4) 17 C. J. p. 1042, §341; p. 1081, §389.