[Civ. No. 6825. First Appellate District, Division Two.—September 5, 1929.]

DELLA STEELE, Respondent, v. MARLBOROUGH HALL CORPORATION (a Corporation), Appellant.

Pillsbury, Madison & Sutro for Appellant.

Walter H. Linforth for Respondent.

KOFORD, P. J.—This is an appeal from a preliminary injunction enjoining defendant and appellant from selling the furniture and furnishings of the Marlborough Hall Apartments under the terms of a chattel mortgage executed to secure the performance of the terms of a lease, particularly the payment of the rent reserved.

Appellant's predecessors in 1920 leased the said apartments to respondent for the term of ten years. . The lessee at that time executed to the lessors a chattel mortgage upon the furnishings and furniture contained in the apartment house as security for the performance by the lessee of the terms and provisions of the lease. In September, 1927, appellant brought an action against the respondent for breach of the lease, alleging nonpayment of rent and damage to the apartment house and seeking the foreclosure by

court of the said chattel mortgage. The respondent answered, denying that rent was due and unpaid, and filed a cross-complaint alleging breaches of the lease upon the part of the appellant in failing to keep the building and its elevators in repair and asking for damages by reason of such alleged breaches. This action had not been tried at the time of the submission of this appeal. In December, 1927, appellant served upon respondent a three-day notice to quit or pay rent. Respondent vacated and commenced to remove the furnishings and furniture covered by the chattel mortgage. Appellant then applied to the court in said foreclosure action for a restraining order against the removal of the chattels. Both parties were represented at the hearing of this application. A restraining order was issued against the removal of the chattels then still remaining in the apartment house and an order was issued for respondent to show cause why a mandatory preliminary injunction should not issue requiring respondent to replace the chattels already removed. Upon the hearing of this order to show cause, the requested mandatory preliminary injunction was denied. Appellant states that the court in denying this injunction took the view strongly urged by respondent upon the trial court that appellant had an adequate remedy at law by instituting a replevin action under the terms of the chattel mortgage. Appellant then commenced an action in replevin for the recovery of the chattels against the Bekins Van & Storage Company, in whose warehouse respondent had stored the furniture and furnishings removed from the apartments. Appellant filed a $30,000 bond in claim and delivery proceedings in that action. Respondent, who had not been made a party defendant in that action, filed a third-party claim with the sheriff claiming to be the owner of and entitled to the possession of the property and alleging it to be of the value of $35,000. Appellant gave the sheriff an indemnity bond in the sum of $70,000 against this third-party claim. Appellant thereupon gave notice that it would sell the chattels under the terms of the chattel mortgage which provided that "if the mortgagor fails to make any payment as provided in said lease, then the mortgagees may take possession of said property, using all necessary force so to do, and may immediately arrange to sell it. . . . " Thereupon the

respondent filed the present action against appellant alleging the said facts, pleadings and proceedings, alleging that no rent was "due or owing" respondent and praying to be adjudged the owner of and entitled to the possession of the chattels and for a preliminary injunction enjoining the sale of the chattels by appellant. This preliminary injunction, after notice and hearing, was granted respondent upon giving a bond in the sum of $1,000. From the order granting the same the present appeal is prosecuted.

Appellant's claims are: First, that it has the legal right under the terms of the mortgage to take possession of and sell the chattels for breach of conditions of the lease, that possession was essential to such sale, that replevin was the correct method of obtaining such possession, that, having obtained possession by claim and delivery proceedings and bond, it had full and complete legal possession, and that a replevin plaintiff in possession has the right to sell even before the final judgment in the action; second, that in weighing the equities and in exercising its discretion, the court should have denied the preliminary injunction, because respondent is in arrears in rent, because she would not suffer irreparable injury by the proposed sale by appellant, being protected by the large bond given the sheriff to indemnify him against her third-party claim, and because she had an adequate remedy at law by instituting a new replevin action, she not having been a party to the appellant's replevin action against the storage company.

The respondent's contentions are: First, that the appellant had no right to sell the chattels because they were *in custodia legis* while held by appellant under claim and delivery proceedings pending the final judgment in the replevin action; second, that the court properly granted the preliminary injunction to preserve the property pending the determination of the issues joined in the foreclosure action, because otherwise a judgment for defendant would be unavailing, for the property would have passed into the hands of numerous purchasers at the sale.

■ An action in replevin or in claim and delivery in this state is merely an action for the recovery of the possession of personal property. (Code Civ. Proc., sec. 509.) The proceedings allowed by section 509 et seq. of the Code of Civil Procedure, by which either the plaintiff or defendant

may gain or keep possession before the final judgment in the action, are auxiliary proceedings. The possession obtained by the auxiliary proceedings of bond and claim and delivery is a temporary possession and does not operate to give the one so gaining possession the full right of possession like a final judgment in the action. ▉ A replevin plaintiff so gaining possession must keep the property so that it may be returned to the defendant in case the final judgment in the action awards it to the defendant. Such plaintiff, therefore, cannot sell the property pending the action and thus make it impossible for the defendant to regain possession in case he shall be adjudged to have the legal right of possession against the plaintiff. To hold otherwise would result in stripping an action for the recovery of possession of personal property of its distinctive character and make of it an action for conversion. To adopt appellant's view would mean that the defendant, who is by the code given the last opportunity to bond and retain possession, could always force the plaintiff in the action to accept the value of the property instead of the property itself, which in a sense would be to force him to sell.

It has not been directly decided in California that such a replevin plaintiff may not divest himself of such possession by sale, but this result logically follows from those decisions which, in treating of the right to levy upon such property, hold that property thus possessed by a replevin plaintiff is in the custody of the law, that such possession is temporary, and that such plaintiff does not have the right to compel the defendant to accept the money value instead of the specific personal property. These cases are: *Hunt* v. *Robinson*, 11 Cal. 262; *Whetmore* v. *Rupe*, 65 Cal. 237 [3 Pac. 851]; *Kneebone* v. *Kneebone*, 83 Cal. 648 [23 Pac. 1031]; *Black* v. *Hilliker*, 130 Cal. 190 [62 Pac. 481]; *Riverside Portland Cement Co.* v. *Taft*, 192 Cal. 643 [221 Pac. 357]; *Hawi Mill etc. Co., Ltd.,* v. *Leland*, 56 Cal. App. 224 [205 Pac. 485]; *Bisconer* v. *Billing*, 71 Cal. App. 779 [236 Pac. 329]. There is some diversity in the decisions of other states upon the direct question of whether such a replevin plaintiff may sell and divest himself of possession pending the action, but the weight of authority is opposed to such right. (Wells on Replevin, sec. 476; also, secs. 470 and 474 to 480, inclusive; Cobbey on Replevin, secs. 702 to 706, 712 to

718 and 712 and 722.) In *Union National Bank* v. *Moline, Milburn & Stoddard Co.*, 7 N. D. 201 [73 N. W. 532], the early cases on the point are compared, and it is stated that the weight of authority is that such plaintiffs may not sell pending the action. Cases directly in point are: *Mohr* v. *Langan*, 162 Mo. 474 [85 Am. St. Rep. 503, 63 S. W. 409], overruling *Donohoe* v. *McAleer*, 37 Mo. 312, relied upon by appellant herein; *Scott* v. *Standridge*, 117 Okl. 111 [245 Pac. 591]; *Federal National Bank* v. *McDonald*, 129 Okl. 75 [263 Pac. 105]; *Mannausau* v. *Wallace*, 87 Mich. 543 [49 N. W. 1082]; *O'Brien* v. *Curry & Whyte*, 111 Minn. 533 [137 Am. St. Rep. 563, 127 N. W. 411]; *Republic State Co.* v. *Brown*, 158 Minn. 896 [197 N. W. 840]; but holding otherwise where defendant merely claimed possession as security only, *Grattan* v. *Wilson*, 82 Colo. 239 [259 Pac. 6]. The Pennsylvania and Massachusetts cases cited by appellant have been later distinguished. Perishable property and merchandise especially intended for sale have sometimes been referred to as an exception, but we are not here concerned with such property.

▮ Did respondent have an adequate remedy at law? As a third party claimant she could have sued the sheriff for damages for conversion, he being protected by an indemnity bond, but Civil Code, sections 3379 and 3380, as well as Code of Civil Procedure, section 509 et seq., recognize and protect the right of possession of specific personal property. These sections recognize that the right to recover damages is not a full and adequate remedy for deprivation of personal property. The respondent was not made a party defendant in the replevin suit brought by appellant and could not reclaim possession of the property under Code of Civil Procedure, section 514, since the privilege of that section is given only to the defendant. Appellant does not claim that the statutory right given to a defendant to reclaim by bond would extend to a third party intervening in the action. Merely intervening would not stop the proposed sale by the replevin plaintiff. Appellant contends that respondent could have commenced a new and independent action in replevin against the appellant, but that would be in the nature of a cross-replevin, which has generally been disallowed. (Cobbey on Replevin, secs. 708, 1225 and 1226;

Wells on Replevin, secs. 257, 258.) Replevin with claim and delivery proceedings by a third party against property already seized by the court in a prior replevin action would have little more in its favor than a levy in execution or attachment, which has been disallowed by the California authorities above cited herein. Such an action with claim and delivery proceedings, even if allowed, would be unavailing, since appellant herein, as defendant in such action, could reclaim the property upon a new forthcoming bond and, its possession remaining thus'undisturbed, the proposed sale under the chattel mortgage would still threaten. It appears, therefore, that respondent had no adequate remedy at law with which to stop the proposed sale pending the determination of the issues tendered in the original foreclosure action commenced by the appellant.

In that action the defendant, respondent herein, denied that the rent was unpaid and also sought damages for breach of covenant of the lease by the plaintiff therein. Respondent claims that if this damage is allowed, it will offset as a counterclaim any rent unpaid because arising out of the same contract. While appellant claims that the lessee's covenant to pay rent secured by the chattel mortgage is a covenant which is independent of the lessor's covenant to keep in repair, nevertheless a proper counterclaim, if sufficient in amount, would result in no rent being due. ■ Damages for breach of covenant may be offset in an action for rent. (*McAlester* v. *Landers,* 70 Cal. 79 [11 Pac. 505]), although it may not be done in an action of unlawful detainer (*Arnold* v. *Krigbaum,* 169 Cal. 143 [Ann. Cas. 1916D, 370, 146 Pac. 423]). ■ The argument upon this point, however, as well as upon the question of whether the tenant waived the landlord's breach by remaining in possession, goes to the merits of the original foreclosure action which are carried into the merits of the injunction action. The ultimate merit of these actions cannot be determined upon this appeal from the preliminary injunction.

■ The statutory authority for the preliminary injunction appealed from is to be found in Code of Civil Procedure, section 526, subdivision 3, which allows an injunction to prevent a party to an action from doing ''some act in violation of the rights of another party to the action

498

respecting the subject of the action, and tending to render the judgment ineffectual.''

The order appealed from is affirmed.

Sturtevant, J., and Nourse, J., concurred.