ROBERTS, Appellant, v. MOONEY, et al, Appellants.

(273 N. W. 378)

(File No. 8047. Opinion filed June 1, 1937)

W. J. Hooper, of Gregory, for Appellant.

H. F. Fellows, of Rapid City, for Respondents.

SMITH, J. This action of malicious prosecution was brought by Otto H. Roberts, appellant against Louise Mooney and Norman B. Bartlett, respondents. At the close of the testimony, the learned trial court granted the motion of the defendants for a directed verdict. The appeal is from the judgment and from the order denying a motion for a new trial. Under a single assignment of error, appellant contends that the court erred in directing the verdict.

In the case of Just v. Martin Brothers Company, 37 S. D. 470, 159 N. W. 44, 46, the elements necessary to warrant an action from malicious prosecution were stated as follows " '(1) The commencement or continuance of an original criminal or civil judicial proceedings; (2) its legal causation by the present defendant against plaintiff, who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceedings; (5) the presence of malice therein; (6) damage conforming to legal standards resulting to plaintiff.' "

We analyze the sufficiency of the evidence with reference to one of these elements and state the material facts in connection with our discussion.

Was the evidence sufficient to require the court to submit the issue of probable cause to the jury? Otto H. Roberts was the tenant of the defendant Louise Mooney on certain farming land. In payment of his rent, Roberts executed and delivered to Mrs. Mooney his promissory note for $650, and as security therefor executed and delivered to her a chattel mortgage upon the crops to be grown upon said land. Thereafter, Mrs. Mooney brought an action in claim and delivery against Roberts wherein she claimed the possession of crops grown upon the land for the pur-

pose of foreclosing her chattel mortgage. Respondent Bartlett represented her as attorney in that action at its inception. A bond in claim and delivery was delivered to the sheriff, and the sheriff took possession of the crops in question. Thereafter, in accordance with the provisions of section 2416, Rev. Code of 1919, Roberts furnished the sheriff with a redelivery bond and the property was returned to him. Thereafter, and during the pendency of the action in claim and delivery, the appellant Roberts sold and disposed of the crops in question. After Roberts had sold the mortgaged property, and upon complaint of Mrs. Mooney's husband, Roberts was charged with the offense of disposing of mortgaged personal property, and was arrested. Circumstances are evidenced indicating that Mrs. Mooney and Bartlett were the instigators of the criminal complaint. Roberts claims, and for the purpose of dealing with the element of probable cause we assume, that there was a bona fide termination of the criminal charge favorable to Roberts. The fact is that the record shows no more than a quashing of the information on the ground that no preliminary hearing had been held under the complaint.

Roberts contends that the above-described redelivery bond in claim and delivery, under which possession of the property in question was redelivered to him by the sheriff, replaced the chattel mortgage held by Mrs. Mooney, that thereafter he was free to dispose of the property as he saw fit, that Mrs. Mooney and Bartlett were fully conversant with the facts and the law in the premises, and that therefore they could not have concluded that there was probable cause to believe that Roberts had committed the crime of disposing of mortgaged property. This contention of appellant's is predicated principally upon the holding of the Supreme Court of our sister state, North Dakota, in the case of Union National Bank of Oshkosh v. Moline, Milburn & Stoddard Co. et al., 7 N. D. 201, 73 N. W. 527, 533, wherein that court used the following language: "When the party to the replevin suit, who is not in possession of the property during its pendency, has only a lien thereon, and is not entitled to the possession of the property generally as owner, but only for the purpose of enabling him to enforce his lien thereon, and the other party to the action has a right therein as owner, or as the holder of an inferior lien thereon, it is

obvious that, if the party who is not in possession is successful, he has no right to have the property delivered to him as an owner would have. He is merely seeking to enforce a lien thereon. As security is all he is after, there is no reason why the replevin bond should not take the place of the property itself. As security it is as good as the property, and, after he has obtained a substitute security as adequate as the original, there is no reason why the owner of the property should be further embarrassed in dealing with the property, or why the holder of an inferior lien thereon should not thereafter be permitted to proceed to enforce his lien, the same as though the other lien had been extinguished."

Appellant quotes similar language from the following authorities: Republic State Co. v. Brown, Sheriff, 158 Minn. 396, 197 N. W. 840; Gimble v. Ackley et al., 12 Iowa, 27; Speer v. Skinner, 35 Ill. 282; 54 C. J. § 170, p. 500.

Notwithstanding our abiding respect for the learned courts that have adopted the foregoing views, we are convinced that such a construction distorts the provisional remedy of claim and delivery and violates the rights of the lienholder.

 Claim and delivery is a provisional remedy under our law. Section 2382, Rev. Code of 1919. It may be used in connection with an action to recover the possession of personal property for the purpose of placing the property in the constructive custody of the court for delivery to the prevailing litigant in accordance with the terms of the judgment ultimately rendered in the action. The possession thus permitted during the pendency of the action is temporary in character. The undertaking of the plaintiff or the defendant, as the case may be, is respectively to "return" or "deliver" the property according to the judgment. Sections 2414-2416, Rev. Code of 1919. The judgment is for "possession" or "return" of the property and only may be for its value if "delivery" or "return" thereof cannot be had. Section 2566, Rev. Code of 1919. Indisputably the Legislature did not intend that it should be optional with the holder of the provisional possession whether he should deliver the property or pay its value. The statutes contain no words indicating an intention that the provisional remedy should in any way disturb existing rights, titles, or

interests in the property, or that it should create new or different rights, titles, or interests therein.

That the property so seized remains in the custody of the court during the pendency of the action and may not be sold without the consent of its owner, as contradistinguished from a lienholder, is established by sound reason and the overwhelming weight of authority. Steele v. Marlborough Hall Corporation, 100 Cal. App. 491, 280 P. 380; Ely v. Sutton et al., 177 Mo. App. 546, 162 S. W. 755; Scott v. Standridge, 117 Okl. 111, 245 P. 591; Federal Nat. Bank et al. v. McDonald, 129 Okl. 75, 263 P. 105; O'Brien v. Curry & Whyte, Inc., 111 Minn. 533, 127 N. W. 411, 137 Am. St. Rep. 563; Mohr v. Langan et al., 162 Mo. 474, 63 S. W. 409, 85 Am. St. Rep. 503; Mannausau v. Wallace, 87 Mich. 543, 49 N. W. 1082; Grattan v. Wilson et al., 82 Colo. 239, 259 P. 6. Thus, during the pendency of the litigation, the rights of the owner are protected by the retention of possession of his property by the court and by the claim and delivery bond delivered to the sheriff. The identical statutes permit seizure of property by or against one who claims but a special property interest therein. These statutes contain no words indicating an intention to supply one having such a special property interest with less protection than is accorded one who is the absolute owner of the property.

The authorities urged upon us base their conclusions upon practical considerations. They do not purport to have found words in applicable statutes rendering such a construction admissible, nor do they claim authoritative background for their views. Based upon the premise that a lienholder is only interested in security, they hasten to the conclusion that the bond offers adequate security. This reasoning fails to place sufficient emphasis upon the fact that the lienholder is primarily interested in prompt payment. That a bond all too frequently but furnishes the obligee with the necessity of instituting further litigation is the lesson of experience. Experience further teaches that by the time the obligee has reduced his claim to judgment he frequently finds that intervening disaster has rendered the sureties insolvent. In most cases, payment is realized through the enforcement of the bond. In no case, however, is the lienholder as adequately secured, and as sure of prompt payment through the single instrumentality of the bond, as he is through

the lien on the property plus the bond. There is no injustice to the adverse party in requiring additional security as the price of delay, cost, and possible damage. The lienholder has secured his lien through contract .or by taking advantage of some statutory procedure. Other rights should not be substituted for those he has obtained, without his consent. Certainly his situation should not be changed by judicial fiat.

We conclude that the claim and delivery bond did not disturb the lien of the mortgage held by Mrs. Mooney, and that the admissions of Roberts established the fact that he had unlawfully disposed of the mortgaged property. Therefore the defendants had probable cause to believe that Roberts had committed the offense charged, and the proof in the instant case of such probable cause constituted a complete defense irrespective of the intentions which prompted the complaint. 38 C. J. § 26, p. 400.

The judgment and order of the trial court are affirmed.

All the Judges concur.