## P. & E. FINANCE CO. v. WOODEN et al.

No. 34231.  July 10, 1951.

Rehearing Denied Sept. 11, 1951.

*235 P. 2d 691.*

Washington & Thompson, Oklahoma City, for plaintiff in error.

Leon J. York, Stillwater, for defendants in error.

CORN, J.  This action was brought by P. & E. Finance Company, mortgagee, against W. A. Wooden to collect a note and for possession of a Buick automobile mortgaged to secure payment of the note.  The automobile was recovered by the plaintiff under a writ of replevin, taken to Oklahoma City, advertised for sale and bid in by plaintiff and later resold to a third party.

This case was presented on a pretrial stipulation, a part of which is as follows:

"It is further stipulated and agreed that the car was sold before judgment was rendered in this case."

The defendant in his cross-petition sought damages for conversion of the automobile. In a statement by the court in the beginning of the instructions, we find the following:

"'Gentlemen of the Jury, in this case all of the issues have heretofore been settled in a pre-trial conference except just one issue and that is the value of the automobile on the 10th day of February, 1947, at the time it was sold by the plaintiff to satisfy its mortgage.  It has been agreed by the parties to this action that on that date there was due from the defendant Wooden to the Plaintiff, P & E Finance Company the

sum of $494.00 on its mortgage and note. It is admitted that the plaintiff sold the car prior to the time that it secured a judgment awarding it possession and under those circumstances the defendant Wooden is entitled to off-set the actual value of the car against the sum he owed thereon. If you find from the evidence in this case that the car was worth more than $494.00 on Feby. 10, 1947, in the condition it was then in, then the defendant would be entitled to recover from the plaintiff the difference between the amount he owed and the value of the car. If you find that it was of the actual value of $494.00 at that time or less than that amount, then the defendant would not be entitled to recover anything in this action because the value of the car was equal to or less than the amount he owed. Therefore, you should ascertain from the evidence in this case the actual value of the car and this will determine who is entitled to recover."

#### "Verdict

"We, the jury, empanelled and sworn to try the issues in the above entitled cause, do upon our oaths, find the value of the car as of Feby. 10, 1947, at $720.00 which sum is in excess of the amount which the defendant owed the plaintiff and we therefore find for the defendant against the plaintiff in the sum of $226.00 which is the difference between the value of the car and the amount the defendant owed the plaintiff.

"R. R. Russell
"Foreman."

We find sufficient evidence in the record reasonably tending to support the verdict of the jury.

The plaintiff contends that it bought the automobile at the foreclosure sale and therefore there was no conversion. The person the P. & E. Finance Company sold the automobile to testified he came and looked at it and later bought it from said company. Regardless of how the sale was conducted the fact remains that the P. & E. Finance Company could not return the automobile to the defendant on the day of the trial.

The rules applicable to the facts in this case are laid down in Mid-Continent Motor Securities Co., of Tulsa, v. Art Harris Transfer & Storage Co., of Muskogee, 97 Okla. 139, 223 P. 130.

The same rule of law was followed by this court in the following cases: Salisbury v. First National Bank of Taloga, 99 Okla. 138, 221 P. 444; Scott v. Standridge, 117 Okla. 111, 245 P. 591.

There are other assignments of error, but they are without substantial merit.

Judgment affirmed.