## ZEIGLAR v. VOLLERS et al.

No. 6446—Opinion Filed May 9, 1916.
Rehearing Denied June 6, 1916.

(157 Pac. 1035.)

**1. Chattel Mortgages—Foreclosure—Conversion.**

Where a mortgagee has taken possession of chattels under a writ of replevin, and is pro-

ceeding to foreclose by advertisement, and the mortgagor invokes section 4026, Rev. Laws 1910, and the foreclosure by advertisement is enjoined, held, that it is error for the court to instruct the jury that if the mortgagee did not, within a reasonable time after taking possession of the property, by virtue of the writ of replevin, begin advertisement and proceed to a sale of the property under the terms of the mortgage, he was guilty of conversion.

## 2. Alteration of Instruments—Effect—Mortgage and Note.

Where a mortgage securing a note has been materially altered and changed, held that it is error for the court to instruct the jury that such alteration in the mortgage renders the note also void, and there can be no recovery upon the debt.

(Syllabus by Brett, C.)

Error from District Court, Oklahoma County; T. L. Brown, Assigned Judge.

Action by F. B. Zeiglar against Louis J. A. Vollers and others. Judgment for plaintiff for a portion of the amount sued on, and for defendant Vollers for conversion, and plaintiff brings error. Reversed and remanded.

Vaught & Ready and Ames, Chambers, Lowe & Richardson, for plaintiff in error.

Geo. P. Glaze, for defendants in error.

Opinion by BRETT, C. This is an appeal from the district court of Oklahoma county. The facts material to a correct determination of this appeal are as follows: The defendant in error Vollers was indebted to the plaintiff in error, Zeiglar, as evidenced by two notes aggregating the sum of $166, one note bearing date of September 9, 1911, for $86, and the other bearing date of December 28, 1911, for $152, on which certain payments had been made. Each of these notes was secured by chattel mortgages of even date with the note it was given to secure. On February 25, 1913, after maturity of the notes and upon default of the payment of the same, plaintiff in error took possession of the property described in the two mortgages under a writ of replevin sued out in the justice court, and commenced foreclosure by advertisement. The defendant in error Vollers filed his affidavit in the district court of Oklahoma county, alleging that he had a valid defense against the collection of the amount claimed to be due on the mortgages, and under this showing the district judge enjoined the foreclosure by advertisement, and directed that all further proceedings for foreclosure of the said mortgages be had in a court properly having jurisdiction of the subject-matter, as provided by section 4026, Rev. Laws 1910. In compliance with this order the replevin action in the

justice court was dismissed March 20, 1913. On April 4, 1913, the plaintiff in error filed the petition in this action in the district court of Oklahoma county to foreclose the mortgages, and on the same date a writ of replevin was issued out of that court, covering the property described in the mortgages, and the property again taken possession of under this writ. The property replevied consisted of books, typewriter, and the furniture of an abstract office. And from the date the plaintiff in error took possession of same under the writ of replevin sued out of the justice court, he ran the abstract business, conducting same under the name of other parties, who were employed by him to run the business. Upon the plaintiff in error filing this action to foreclose, the defendant in error Vollers filed his answer and cross-petition, alleging that plaintiff in error had wrongfully converted the property to his own use and benefit, and asked for damages for the wrongful conversion of the same. It was also pleaded, and there was evidence, that one of the mortgages had been materially altered in that the word "one" immediately preceding the words "Fox Typewriter" had been changed to "two," and that this was done without the knowledge and consent of said defendant in error, the mortgagor. The cause was tried to the court and a jury, which resulted in a verdict and judgment for the plaintiff in error for $4.49 upon the indebtedness sued upon, and a verdict and judgment for the defendant in error Vollers against the plaintiff in error for damages for the wrongful conversion of said property. The plaintiff in error appeals from the judgment to this court.

The plaintiff in error, among other things, complains of certain instructions given by the court to the jury. The court instructed the jury in part as follows:

"* * * If you find that said plaintiff had elected, under the terms of his said mortgage, to take possession of said personal property, and that he was placed in possession of said personal property by writ of replevin duly issued by a court of competent jurisdiction, then and in that event the court tells you that the plaintiff was in lawful possession of said personal property, but the court further tells you that after he had been placed in possession, if you so find he was so placed, then and in that event it was his duty to proceed to a sale of said personal property, under the terms and provisions, as was prescribed by said mortgages."

Again:

"The court instructs you that when one takes possession of personal property, by virtue of a writ of replevin, it is his duty to keep and preserve said property with ordinary care until the same can be disposed of

under the terms of the mortgage, and to account to the defendant for all property coming into his hands; and if you believe from all the evidence in this case, by a preponderance thereof, that the property mentioned in this mortgage was taken under a writ of replevin and delivered to the possession of the plaintiff, Zeiglar, the court tells you it was the duty of the plaintiff, Zeiglar, within a reasonable time, to proceed to a sale of said property, as was and is provided by the terms of said mortgages."

And again:

"The court further instructs the jury that a conversion of personal property consists of an unauthorized assumption and exercise of the right of ownership, of goods and personal property belonging to another, to the exclusion of the owner's rights; and, if you believe from all the evidence in the case by a preponderance thereof, that the plaintiff, Zeiglar, came into possession of said personal property by virtue of the writ of replevin, and did within a reasonable time thereafter commence the advertising and sale of said personal property as provided for by the terms of these chattel mortgages, then in that event there would be no conversion upon the part of the plaintiff, Zieglar, but, if on the other hand, you believe from the evidence in this case, by a preponderance thereof, that the plaintiff, Zieglar, after he came into possession of said personal property, by virtue of the writ of replevin, took charge of said property and used it, either himself or permitted others as his agents or employes, to use said property, then and in that event there would be a conversion of the property, and the plaintiff would be liable for all damages arising out of said conversion."

These instructions, under the facts in this case, are manifestly erroneous. The vice in the instructions is that in each the court tells the jury that if the plaintiff, Zieglar, came into possession of the property lawfully, but did not, within a reasonable time thereafter, proceed to advertise and sell the property under the terms of the mortgage, then he was guilty of conversion. The learned judge seems to have lost sight of the fact that under the facts in this case that method of procedure had been enjoined by the very court over which he then presided, and was, under the facts in this case, specifically prohibited by statute. Section 4026, Rev. Laws 1910, provides:

" * * * That when the mortgagee, his agent or assignee, has commenced foreclosure by advertisement, and it shall be made to appear by the affidavit of the mortgagor, his agent or attorney, to the satisfaction of the judge of the district court of the county where the mortgaged property is situated, that the mortgagor has a legal counterclaim or any other valid defense against the collection of the whole or any part of the amount claimed to be due on such mortgage, such judge may, by an order to that effect, enjoin the mortgagee, his agent or assignee, from foreclosing such mortgage by advertisement, and direct that all further proceedings for the foreclosure of such mortgage be had in the court properly having jurisdiction of the subject-matter."

And when this statute was invoked by the mortgagor, the mortgagee was precluded from advertising and selling this property under the terms of the mortgage. He could then only sell it under and by virtue of an order of foreclosure; and these instructions were, therefore, not only erroneous, but highly prejudicial, since they required the plaintiff in error to either violate both the terms of an order of injunction and a plain statute or be adjudged guilty of conversion.

The plaintiff in error also complains of instruction No. 7. In this instruction the court charged the jury:

" * * * That if you believe from all the evidence in this case that there has been an erasure, or a change in the description of the property, as described in the mortgage in evidence executed December 28, 1911, which change is alleged to be by the changing of the word 'one' changed to 'two' immediately preceding the words 'Fox Typewriter,' and that such change, if any has been made, was made by the plaintiff, Zieglar, or by any other person with his knowledge and consent, or that he was interested in the change, should you find that there was a change, then in that event the court tells you that the whole mortgage and the debt secured thereby is void, and the plaintiff cannot recover."

This instruction, we think, is also erroneous in that it charges the jury that if they should find that the mortgage had been changed or materially altered—
"then the whole mortgage and the debt secured thereby, is void, and the plaintiff cannot recover."

This position, we think, is unsupported either by law or reason. That an alteration in the mortgage would render it void there can be no doubt, but we know of no court that has ever gone so far as to hold that this would extinguish the debt. In Kime v. Jesse et al., 52 Neb. 606, 72 N. W. 1050, this question is passed upon squarely by the Supreme Court of Nebraska. In the syllabus it is held:

"The material alteration of a mortgage, by which it is avoided, does not avoid a note or evidence of the debt for the payment of which it is the security."

And in the body of the opinion the court says:

"The altered mortgage could not be foreclosed or reformed. Marcy v. Dunlap, 5 Lans. [N. Y.] 365. It follows that the trial court did not err in sustaining the motion for

judgment on the pleadings, and declaring the mortgage in suit void; but it went further and also adjudged the vote void the payment of which it was for the purpose of the mortgage to secure. In this last the court erred. In this state a mortgage is but an incident to the note or debt, a security for its payment. And while it is true that, if the note the payment of which is secured by a mortgage is materially altered, and thereby avoided, the mortgage is rendered unenforceable, it does not follow that a material alteration of a mortgage, and its consequent annulment, also renders the debt, the payment of which is secured by it, incapable of collection, or any instrument by which the debt is evidenced void. The indebtedness or instrument evidencing its existence is, or testifies to a personal obligation of the debtor for the enforcement of which the creditor may proceed against the debtor in a personal action, or the mortgage may be foreclosed, and the property described therein subjected to the payment of the debt. These are existing different and concurrent remedies, and, subject to some restrictions, either may be resorted to at any time for the enforcement of the payment of the debt; the restrictions not going to the validity or existence of the debt, or the substance of an action for enforcement, but to the prosecution of both remedies at the same time. The destruction or avoiding of the mortgage—the incident of the debt, or evidence of it—does not carry with it the principal obligation, if it remains unaltered. It follows from the conclusions announced that the judgment of the court, insomuch as it adjudged the mortgage void, will be affirmed, and, to the extent it declared the note void, will be reversed"

The defendant in error calls our attention to section 990, Rev. Laws 1910, which reads as follows:

"The intentional destruction, cancellation, or material alteration of a written contract, by a party entitled to any benefit under it, or with his consent, extinguishes all the executory obligations of the contract in his favor, against parties who do not consent to the act"

—and insists that under this statute, if the mortgage is void, the note is also. But we cannot agree with this position, but think the note is in no way dependant upon the mortgage for its validity, and that the mortgage is not a necessary part of the note, although construed with it as constituting one contract (Oklahoma City Development Co. v. Picard, 44 Okla. 674, 146 Pac. 31) but is, as in Kime v. Jesse, supra, an incident to the note which would be as valid and enforceable without the mortgage as with it.

There are other assignments of error, but as the judgment must be reversed by reason of the foregoing we deem it unnecessary to [illegible]

We, therefore, recommend that the judgment be reversed, and the cause remanded, for further proceedings not inconsistent with this opinion.

By the Court: It is so ordered.