No. 18,880.

GEORGE P. MCLAUGHLIN *v.* JOE L. CLEMENTI, ET AL.
(355 P. [2d] 100)

Decided August 22, 1960.   Rehearing denied September 19, 1960.

Messrs. BARRY & BOYLE, Mr. ALBERT B. DAWKINS, for plaintiff in error.

Messrs. PRESTON & ALTMAN, for defendant in error Clementi.

*In Department.*

Opinion by MR. JUSTICE DOYLE.

THE plaintiff in error was defendant in the trial court and will be so referred to herein. The action was instituted by defendant in error Clementi, who will be referred to as plaintiff or seller. Plaintiff sued to recover a money judgment on a certain promissory note executed by defendant in connection with the sale of a trucking business.

On July 26, 1956, the plaintiff and defendant entered into a contract for the sale of a trucking business, it being a contract carrier operated as Clementi & Sons Truck Line. Plaintiff agreed to sell certain described trucks, together with a PUC permit, for a total price of $30,000.00. Defendant agreed to pay $9,000.00 at the time of the execution of the agreement and the balance of

$21,000.00 in installments. The sum of $1,000.00 was to be paid on January 1, 1957, and $5,000.00 on January 1st of each year thereafter until the entire sum had been paid. Payment of the balance was secured by a note in the amount of $21,000.00, together with a Deed of Trust on certain residence property in Pueblo County. The contract went in both directions with respect to the PUC permit. It provided for its transfer to the buyer. However, a further provision with respect to the PUC permit is important. It reads:

"Complete ownership of the permit shall be retained by the seller and said permit shall not become the property of the buyer until payment in full has been made."

Pursuant to the agreement, the buyer paid $9,000.00, took possession of the equipment and transfer of the PUC permit to defendant was completed. The first payment of $1,000.00 was made. Thereafter the defendant defaulted and plaintiff instituted the present action. In his complaint he alleged execution of the note and contract as described above, alleged a default and sought recovery in the amount of $20,000.00, the balance due on the note and contract, together with interest and attorney's fees. He also requested foreclosure of the deed of trust on the Pueblo residence property and for redelivery and retransfer of the PUC permit.

Following trial to the court, judgment for plaintiff was entered in the amount of $23,851.89 and further relief by way of foreclosure and retransfer of the PUC permit was also granted. The residence property was foreclosed, was purchased at the foreclosure sale by plaintiff and the amount thereof credited upon the judgment.

As the result of a court order directed to the Public Utilities Commission, plaintiff obtained the cancellation of defendant's PUC permit and its issuance to himself.

In seeking reversal defendant contends:

1. That the judgment of the trial court in effect allowed the seller to recover the purchase price and at

the same time to repossess the chief asset of the business, the PUC permit.

2. That the deficiency judgment is invalid because the contract was in legal effect a conditional sales contract which allowed the seller to repossess the property, which option he exercised and by reason of this election waived his right to any deficiency judgment.

3. That, assuming the seller is entitled to a deficiency judgment, it can be entered only after a public sale of the property.

The plaintiff seeks to justify the trial court's judgment upon the basis that the claims set forth in his complaint sought not to rescind the contract but to enforce it by collecting from the buyer of the purchase price. He further argues that a court order restoring the PUC permit to him does not change the basic character of the action and that, assuming the invalidity of the summary return of the permit, it does not affect the validity of the judgment itself; that this can be remedied by now conducting an execution sale and crediting the defendant with its value.

## I.

*Did plaintiff exercise an option to rescind the contract and repossess the property sold so that he is now precluded from obtaining a deficiency judgment?*

Neither the complaint nor the answer reveal any effort on the part of either plaintiff or defendant to bring about a rescission. The plaintiff's complaint proceeded on the contract and the note. The demand was for a money judgment, the balance due on the purchase price of the business. It also sought to foreclose the security given therefor, that is the truck and the Pueblo real estate. The answer is in the form of a denial plus a counterclaim in which the defendant demands damages for breach of the contract. These allegations are indicative of affirmance rather than rescission. On this point, the language of Mr. Justice Knauss, expressed in *Hol-*

*scher v. Ferry,* 131 Colo. 190, 280 P. (2d) 655, is pertinent:

"In the instant case, Ferry by filing his claim for $20,000, based on the notes, affirmed the contract and waived his right to rescind, especially as he never withdrew this claim, and it was allowed. The notes were filed in support of the claim and were within the jurisdiction of the county court where the Holscher estate was pending. They were merged in the judgment of that court when the claim was allowed. *Hiller v. Matheny,* 81 Colo. 459, 256 Pac. 10."

See also 8 *Williston, Contracts,* Revised Edition, Sec. 1258.

Moreover, the case was tried on the theory of affirmance and the judgment for the balance due on the note also indicates that the court so considered it. See *Gerbaz v. Hulsey,* 132 Colo. 359, 288 P. (2d) 357. It is also to be noted that defendant did not demand an election nor contend that there had been a rescission until trial had been had and judgment entered. For a defendant to obtain an order requiring an election the inconsistency must be brought to the attention of the court. This was also expressed in *Gerbaz v. Hulsey,* supra, wherein it was said:

"Plaintiffs did not plead two inconsistent claims in their complaint. Had they done so they might have been called upon to elect on which claim they would proceed. Plaintiffs' action was a simple one and for damages naturally arising out of the alleged breach of the written agreement. There was nothing in the pleadings which required an election."

Defendant's argument that the plaintiff in reality rescinded the contract is based entirely upon paragraph 6 of the prayer for relief of the complaint. It demands that:

"The Court determine that Public Utilities Commission Permit No. A-655 is the property of plaintiff and that defendant, George P. McLaughlin, be required to

deliver up said permit, together with all of the operating rights thereunder, to plaintiff for plaintiff's exclusive use and enjoyment."

Defendant seeks to invoke the principle that a conditional seller who elects to reclaim his goods is generally held to have elected to rescind the contract. The legal consequence of this election is expressed in 3 *Williston, Contracts,* Sec. 736, as follows:

"If the seller exercises his right to reclaim the goods, it is generally held an election to rescind the contract, and thereafter an action for the price of any unsatisfied balance of it is not allowed."

The author explains, however, that the act of reclaiming the goods does not invariably result in such election; that oftentimes it is for the purpose of realizing on his security and in aid of a money judgment. Part of the discussion serves to shed light on the present problem:

"It is obviously possible, however, for the seller to resume possession of the goods without intending thereby to rescind the contract. He may, it would seem, resume possession without forfeiting or claiming to forfeit the buyer's right to pay any unsatisfied portion of the price and thereby perfect his ownership, but merely to increase his own security. Nevertheless, the mere reclaiming of possession seems generally regarded as an election to rescind; and it seems probable that it is in most cases a correct inference from the reclaiming of possession by the seller that he intends to terminate the buyer's interest in the goods. But that this involves a termination of the buyer's obligation to pay the price does not follow. The consideration for the promise to pay was the conditional right given the buyer, and 'when a man acts in consideration of a conditional promise, if he gets the promise he gets all that he is entitled to by his act, and if, as events turn out, the condition is not satisfied, and the promise calls for no performance, there is no failure of consideration.' If the terms of the bargain alone were to be considered, the

exercise by the seller of his rights to reclaim the goods would not debar him from recovering the full price. The only reason for denying him so broad a right is the equitable principle which forbids a forfeiture; and this should go no further than to limit his recovery to his actual injury. * * * "

Defendant took the position at the trial that the PUC permit was security to which he attached a value of $8,000.00. In this Court, through his counsel, he expresses a willingness to subject the PUC permit to a foreclosure sale and agrees to give plaintiff credit for any amounts in excess of $8,000.00 which can be established. From the conduct of the parties before, during and after the trial, it is amply clear that plaintiff at all times affirmed and sought to enforce the contract and that he did not rescind it.

II.

*Was the judgment ordering the Public Utilities Commission to retransfer the PUC permit to the seller valid?*

Having concluded that the seller affirmed the contract and did not seek to exercise his right to rescind by repossession of the property, the question remains whether he could obtain a summary retransfer of the PUC permit. Our conclusion is that in this respect the judgment was erroneous. The court awarded plaintiff a money judgment in the amount outstanding on the note. Plaintiff was entitled to a satisfaction of that judgment from the security at hand or from property subject to execution sale. He could not, however, obtain a judgment for the balance due and at the same time seek a summary repossession of the principal asset involved in the contract. See *Williston,* supra, 736, and see also *Restatement of Contracts,* Sec. 381. Consequently the order directing repossession of the permit without the formality of foreclosure or without an execution was a nullity, and the exercise of dominion over it by defendant amounted to a conversion, this intangible right being properly subject to conversion. See *Prosser, Torts,* p. 69,

and the cases there cited. See also C.R.S. '53, 115-9-6.

### III.

*Are defendant's rights with respect to the PUC permit limited to the hazards of an execution or foreclosure sale?*

Plaintiff now concedes that the retransfer of the PUC permit was invalid. This admission appears in his brief and reads as follows:

"If election applies — Clementi by his foreclosure action elected to enforce the contract and having done so could only reach McLaughlin's assets by execution; therefore, perhaps the Permit is still the property of McLaughlin and can only be reached by execution. McLaughlin has treated it so in continuing to do business under the name of Clementi Truck Lines and in picking up freight intended for the users of Permit A-655.

"Assuming for arguments' sake that Clementi was wrong in taking title to the P.U.C. Permit via the Public Utilities Commission order instead of by execution, McLaughlin is harmed only if he is credited with less than the full value of the naked permit. Clementi raised this question of value in the trial court and was then and is now willing to credit the judgment with any amount over the $8,000.00 value he has assigned to the permit that can be established."

While we commend the plaintiff's candor, we do not agree that the defendant's rights are restricted in the manner suggested. As observed above, the conduct of plaintiff in assuming possession, control and dominion over the PUC permit constituted a conversion. See *Grattan vs. Wilson,* 82 Colo. 239, 259 Pac. 6, wherein the Court speaking through Mr. Justice Butler recognized the principle that a mortgagee is liable for conversion where he takes possession under a mortgage and either refuses to sell or delays making a sale for an unreasonable time. *A fortiori* he is guilty of conversion where he takes possession of property belonging to a buyer and asserts dominion over it, treating it as if it were his own

without seeking to bridge title gaps by means of a foreclosure or execution sale.

It follows that defendant is entitled to an opportunity to assert a claim sounding in conversion against the plaintiff if he desires to do so, and should not be restricted to the uncertain credit resulting from an execution sale as suggested by plaintiff. The defendant is entitled to claim the value of the PUC permit at the time of the conversion as property unlawfully converted and to submit the question of value to a jury if he wishes to do so. This is an entirely new question arising since the trial with respect to which there has not been an opportunity to litigate.

The judgment of the trial court is affirmed with the exception of the court's order directing retransfer of the PUC permit. With respect thereto the court is directed to vacate its order and to conduct such hearing, in conformity with the views herein expressed, as the defendant shall request.

MR. JUSTICE HALL and MR. JUSTICE MOORE concurring.